[No. D033915. Fourth Dist., Div. One. July 17, 2001.]

STEVEN P. HASKETT, as Trustee, etc., Plaintiff and Appellant, v. THE VILLAS AT DESERT FALLS et al., Defendants and Appellants.

866

## COUNSEL

James S. Graham for Plaintiff and Appellant.

Middlebrook, Kaiser & Popka, Michael R. Kaiser, Jeff M. Yoss; Payne & Fears, Daniel M. Livingston and Benjamin A. Nix for Defendants and Appellants.

## OPINION

**NARES, J.**—This matter involves three appeals that arise out of a decision by the Superior Court of San Diego County (the San Diego court or the court) that plaintiff Steven P. Haskett (Haskett), the successor trustee of an irrevocable trust known as the Desert Falls Trust, is not personally liable for a judgment for attorney fees and costs entered against him, in his representative capacity, by the Superior Court of Riverside County (the Riverside court) following dismissal of a contract action (the Riverside action) that he prosecuted in his capacity as trustee.

In one of the three pending appeals in this matter, defendants James M. Binger and Rematch, Inc. (together Binger and Rematch) appeal from a May 26, 1999 order issued by the San Diego court granting Haskett's petition (the petition) for a determination that he is not personally liable for attorney fees in the sum of about $89,000 that the Riverside court awarded to Binger and Rematch after the underlying contract action filed in that court, which was prosecuted (but not initiated) by Haskett against them in his representative capacity as successor trustee of the subject irrevocable trust, and was dismissed on the ground it was not brought to trial within the statutory five-year period as required by Code of Civil Procedure sections 583.310[1] (the five-year statute) and 583.360. In granting the petition, the San Diego court found that Binger and Rematch, and the other parties, *post*, that

---

[1]Code of Civil Procedure section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360, subdivision (a) of that code provides: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article."

opposed Haskett's petition, failed to meet their burden of proving that he was personally at fault within the meaning of California Probate Code[2] section 18001.[3] On appeal, Binger and Rematch contend that (1) the court erroneously concluded that Haskett was not personally liable for the judgment for attorney fees and costs; (2) even if it is assumed that Binger and Rematch, in opposing Haskett's petition, were required to present evidence that the judgment of dismissal under the five-year statute resulted from fault on his part, the undisputed evidence showed that he was "responsible"; and (3) the court correctly concluded that section 18000[4] does not excuse Haskett from liability.

In a second appeal, defendants The Villas at Desert Falls, The Villas at Desert Falls, Inc., Desert Falls, Inc., The Villas at Desert Falls II, James F. Temple, and Mark A. Temple (collectively Desert Falls Group), against whom Haskett also prosecuted the Riverside action and who opposed Haskett's petition, separately appeal from the same May 26, 1999 order of the San Diego court determining that Haskett is not personally liable for the judgment for attorney fees and other costs awarded to Desert Falls Group in the sum of about $243,000. Desert Falls Group appeals on grounds similar to those raised by Binger and Rematch, contending (1) Haskett cannot invoke the protections of section 18000 (see fn. 4, *ante*); (2) he can be held personally liable in his representative capacity as trustee under section 18001 (see fn. 3, *ante*) to the extent he had control of the trust; (3) the court's reasoning that there were no facts to support a finding of negligence against Haskett for purposes of section 18002[5] is unfair and prejudicial to Desert Falls Group and other judgment creditors; (4) an innocent judgment creditor should not have to be concerned with the source of the fund that will be used to pay his claim; and (5) Haskett has admitted that he is personally liable for acts that he undertook during the administration of the trust.

Last, Haskett filed a "protective" appeal challenging the San Diego court's earlier December 3, 1998 order rejecting Haskett's contention that section 18000 insulated him from personal liability for the judgment for attorney fees and costs entered against him in the Riverside action. It is difficult to ascertain from Haskett's appellate brief his contentions in support of his

---

[2]All subsequent statutory references are to the Probate Code unless otherwise specified.

[3]Section 18001 provides: "A trustee is personally liable for *obligations* arising from ownership or control of trust property *only* if the trustee is *personally at fault*." (Italics added.)

[4]Section 18000, subdivision (a) provides: "Unless otherwise provided in the contract or in this chapter, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administration of the trust unless the trustee fails to reveal the trustee's representative capacity or identify the trust in the contract."

[5]Section 18002 provides: "A trustee is personally liable for *torts* committed in the course of administration of the trust *only* if the trustee is *personally at fault*." (Italics added.)

appeal from that order, which he calls an "interlocutory" ruling. It appears, however, he is claiming the court's ruling was erroneous because, although he was not a signatory to the settlement agreement (discussed *post*) from which the Riverside action arose, he was entitled to the protection of section 18000 in his individual capacity because a predecessor trustee had validly entered into that agreement, and thus he (Haskett) prosecuted the Riverside action in accordance with his valid powers and duties as successor trustee.

This matter also involves a pending motion for sanctions (sanctions motion) filed by Haskett in this court. Haskett seeks sanctions in the amount of $1,000 against all of the other parties jointly and severally under California Rules of Court, rules 5.1(i)(1) and 26(a), on the grounds they unnecessarily designated and included in their appellants' joint appendix more than 1,000 pages that were not part of the trial court record and are not reasonably material to the determination of their appeals.

We affirm the May 26, 1999 order challenged by Binger and Rematch, and by Desert Falls Group. We conclude that Haskett's protective appeal is thus moot and deny his motion for sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 1988, a settlement agreement and general release (hereafter the settlement agreement or the agreement) was entered into by (1) the partners of a general partnership known as The Westfield Group and (2) appellants The Villas at Desert Falls, Inc., and Rematch, Inc., the general and limited partners, respectively, of appellant The Villas at Desert Falls, a limited partnership. The settlement agreement, which was in resolution of pending litigation, provided that Desert Falls Group would assign to The Westfield Group within 14 days an 11.666 percent interest in the profits and losses of The Villas at Desert Falls partnership. The agreement also provided that The Westfield Group would assign its interest in the partnership to an irrevocable trust that was to be created thereafter.

Later that month, on February 26, 1988, the Desert Falls Trust (hereafter also referred to as the trust) was created in accordance with the terms of the agreement. The trust agreement under which the trust was created named Michael Criste as the initial trustee.

### A. *Morris Sankary's Succession as Trustee, and the Filing of the Riverside Action*

In early 1992, a disagreement arose between Criste (the initial trustee) and The Westfield Group. In resolution of this disagreement, Morris Sankary (Sankary) was appointed as interim trustee.

On February 7, 1992, The Westfield Group (among others) commenced the underlying action against Desert Falls Group and others by filing in the Superior Court of Riverside County a complaint alleging various causes of action based on an alleged breach of the settlement agreement, which had provided for the creation of the trust (as already discussed). Sankary, acting in his capacity as trustee, prepared and filed the original complaint on behalf of The Westfield Group. Haskett, who was not yet a successor trustee in this matter, did not participate in the filing of this lawsuit.

### B. *Haskett's Succession as Trustee*

In May 1993, Sankary tendered his resignation as trustee, and Haskett agreed to serve as successor trustee. In August 1993, the court in Riverside County appointed Haskett as successor trustee "with full powers and duties in administering and managing the trust estate . . . ," and authorized Haskett to file in the San Diego court any petitions related to the administration of the trust.

In February 1996, while acting in his representative capacity as successor trustee, Haskett filed a fifth amended complaint in the Riverside action. This pleading named Haskett, in his representative capacity as trustee, as the plaintiff.

### C. *Dismissal of the Riverside Action; Orders and Judgment Awarding Fees and Costs*

In April 1997, more than five years after Sankary filed the original complaint in the Riverside action in February 1992, Binger and Rematch filed a motion to dismiss the action on the ground that Haskett did not bring it to trial within the statutory five-year period as required by Code of Civil Procedure sections 583.310 and 583.360.[6] In May 1997, Desert Falls Group also filed a motion to dismiss the action on the same ground.

On December 24, 1997, the Riverside court granted both motions to dismiss and entered two "judgments" dismissing the Riverside action with prejudice: one in favor of Desert Falls Group, and the other in favor of Binger and Rematch. The former provided that Desert Falls Group "may recover" costs "from Plaintiff Steven B. Haskett," but did not expressly state whether Haskett was personally liable for those costs. The latter provided that Binger and Rematch "may recover costs from Plaintiff Steven B. Haskett," but similarly did not state whether Haskett was personally liable for those costs.

---

[6]See footnote 1, *ante.*

### 1. *Attorney fees awards*

In February 1998, Binger and Rematch filed in the Riverside court a motion for attorney fees it had incurred in the Riverside action. Desert Falls Group also filed a motion for attorney fees.

On April 22, 1998, the Riverside court issued an order granting Binger and Rematch's fee motion and awarded reasonable attorney fees in the amount of about $89,000 in favor of Binger and Rematch and "against Plaintiff Steven B. Haskett." The order, by interlineation, indicated that the award was against Haskett in his representative capacity as trustee. The order directed the clerk to "immediately · interlineate the Judgment dated January 28, 1998 to include award of attorneys' fees of $88,568.50 and costs as set forth in [Binger and Rematch's] Memorandum of Costs."

On that same date, the Riverside court issued another order granting Desert Falls Group's fee motion and awarded reasonable attorney fees and other costs in the amount of about $243,000 in favor of Desert Falls Group and "against Plaintiff, Steven B. Haskett, *trustee of the Desert Falls Trust.*" (Italics added.) As indicated, this order, like the order in favor of Binger and Rematch, expressly awarded the fees and other costs against Haskett in his representative capacity as trustee. The order directed the clerk to "immediately interlineate the Judgment dated December 24, 1997, to include the award of attorneys' fees and costs in the total amount of $243,314.03."

At the hearing on the attorney fee motions, the Riverside court stated "[i]t is up to the probate court to make a determination whether or not the judgment, the award of attorney fees are payable by the trust assets or by Mr. Haskett individually."

### 2. *Judgment debtor's examination*

In May 1998, Desert Falls Group obtained an order from the San Diego court directing Haskett to appear for a judgment debtor's examination scheduled for a date in June 1998.

### D. *Haskett's Petition for Confirmation of No Personal Liability*

On the day before he was scheduled to appear for the judgment debtor's examination, Haskett, in his capacity as trustee, filed in the San Diego court

a petition for confirmation that trustee has no personal liability for judgments had against trustee in the trustee's representative capacity (the petition) under section 17200.[7] In the petition, citing section 18000,[8] Haskett sought an order declaring that he was not personally liable for any order or judgment for attorney fees and other costs entered against him, in his representative capacity as trustee, in the Riverside action. He argued that he was protected from personal liability under section 18000 because former trustee Sankary and he had prosecuted the Riverside action in their capacities as trustees, in the name of the trust, and for the purpose of enforcing the trust's contractual rights under the settlement agreement.

The court held several hearings on the petition and issued three orders:

### 1. *The court's September 16, 1998 order*

On September 16, 1998, following a hearing held about three weeks earlier on August 28, the court granted the relief that Haskett sought by issuing a written order (the September 16, 1998 order) in which the court ruled that Haskett was not personally liable for the judgments entered against him in his representative capacity in the Riverside action. The court found that on September 1, 1998, the Riverside court had issued certain nunc pro tunc orders, upon Haskett's ex parte application, making clear that all of the orders and judgments for attorney fees and costs entered in favor of Desert Falls Group and Binger and Rematch by the Riverside court in the Riverside action referred to Haskett "only in his representative capacity *'as trustee'* of the Trust and not individually." (Italics added.)

The court also found that by reason of these nunc pro tunc orders of the Riverside court, the issue presented in the petition as to whether Haskett was personally liable was moot. It also found that the judgments entered by the Riverside court were res judicata on this issue.

### 2. *Motions for reconsideration*

In late September 1998, Binger and Rematch challenged the court's September 16, 1998 order by filing a motion for reconsideration, claiming that the Riverside court's nunc pro tunc correction of the judgment entered in favor of Binger and Rematch in the Riverside action did not absolve Haskett of personal liability for the judgment. Binger and Rematch claimed

---

[7]Section 17200, subdivision (a) provides: "(a) Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust."

[8]See footnote 4, *ante.*

(among other things) that the Riverside court, in granting the ex parte orders on September 1, 1998, did not rule on the issue of whether Haskett was personally liable for the judgment entered against him. Desert Falls Group also filed a motion for reconsideration on similar grounds.

### 3. The court's December 3, 1998 order

On December 3, 1998, following a hearing held in November, the court issued an order (the December 3, 1998 order) granting the motions for reconsideration, reversing the September 16, 1998 order, and denying Haskett's petition. The court rejected Haskett's argument that he was exempt from personal liability under section 18000. Specifically, the court found that section 18000 did not apply because Haskett did not enter into the settlement agreement as trustee during administration of the trust: "[T]he exception to personal liability under [section] 18000 applies only to situations where, unlike here, the trustee, in his fiduciary capacity on behalf of the trust, enters into a contract with a third party during the administration of the trust. The exception has no application to the facts of this case as [Haskett] *did not enter into the Settlement Agreement in his fiduciary capacity as trustee during the administration of the Desert Falls Trust.*" (Italics added.)

The court also ordered, however, that Haskett, Desert Falls Group, and Binger and Rematch appear at another hearing on the issue of Haskett's personal liability, explaining that its order denying Haskett's petition was not dispositive of the issue because Haskett's petition "limited the Court's inquiry to whether or not [section] 18000 absolved [Haskett] from personal liability." The court also ordered that "the burden of showing *why* [Haskett] should be held personally liable for any order or judgment for attorneys' fees or costs as entered in the Riverside Court rests with Judgment Creditors [Binger and Rematch] and [Desert Falls Group]."

### 4. Amended Petition

In February 1999, Haskett amended his petition (the amended petition). Through the amendments, he asserted several additional grounds why the court should find he is not personally liable for the judgment for fees and other costs in the Riverside action. He claimed (among other things) that under the provisions of section 18001,[9] which provides for personal liability of a trustee "only if the trustee is personally at fault," he could not be held personally liable because "at no time did [he] act or fail to act in a manner that was either intentionally or negligently wrongful toward the defendants in [the Riverside action] . . . ."

---

[9]See footnote 3, *ante.*

The parties submitted additional briefs and a declaration by Binger and Rematch's attorney. The hearing was held on March 1, 1999, and the court took the matter under submission.

### 5. *The court's May 26, 1999 order*

On May 26, 1999, the court issued the written order (the May 26, 1999 order) from which Desert Falls Group and Binger and Rematch appeal. The court granted the petition for confirmation that Haskett was not personally liable for the judgment for fees and costs entered against him in his representative capacity as trustee in the Riverside action. The court found that Desert Falls Group and Binger and Rematch, as the judgment creditors, had "failed to carry their burden of demonstrating negligent or intentional conduct by Haskett in the prosecution of the [Riverside action] which would warrant the imposition of personal liability" for the judgment for attorney fees and costs. The court explained its reasoning: "While [section] 18001 states a trustee is personally liable for obligations arising from ownership or control of trust property, personal liability may only be imposed *if* the trustee is *personally at fault*. [A] trustee is 'personally at fault' when the trustee, either intentionally or negligently, acts or fails to act. [Desert Falls Group and Binger and Rematch] have failed to produce any admissible evidence to show how Haskett personally, either intentionally or negligently, caused the [Riverside action] to be dismissed. Rather, *the only facts that this Court has been presented with are that the action was dismissed, not the circumstances behind the dismissal.*" (Third italics added.)

The court also explained that they had also failed to provide any legal authority that would allow the court to "automatically draw an inference of negligence or a failure to act, without any facts in support thereof, from what appears to be a bare dismissal pursuant to under Code of Civil Procedure sections 583.310 and 583.360." The court also found that Haskett was not personally liable under Probate Code section 18002,[10] which provides for personal liability for torts "only if the trustee is personally at fault," because there was no evidence that he had committed a tort during the administration of the trust. The court rejected the contention that section 18004[11] required an automatic finding of personal liability, explaining that section 18004 "merely governs the procedure for the assertion of claims against the trust estate." In sum, the court found that Haskett was not personally liable for the judgment for attorney fees and costs.

---

[10]See footnote 5, *ante*.

[11]Section 18004 provides: "A claim based on a contract entered into by a trustee in the trustee's representative capacity, on an obligation arising from ownership or control of trust property, or on a tort committed in the course of administration of the trust may be asserted against the trust by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable on the claim."

## DISCUSSION

We begin our discussion with a brief summary of the three pending appeals and the principal issue they present.

### A. *Introduction*

In separate but similar appeals, Desert Falls Group and Binger and Rematch appeal from the May 26, 1999 order granting Haskett's amended petition for confirmation that he is not personally liable for the judgment for attorney fees and costs entered against him, in his representative capacity, by the Riverside court following dismissal (under Code Civ. Proc. §§ 583.310 & 583.360)[12] of the Riverside action that he and a former trustee (Sankary) had prosecuted in their representative capacities as trustees of the subject irrevocable trust created under the settlement agreement. In that order, the court found (among other things) that Desert Falls Group and Binger and Rematch failed to meet their burden of proving that Haskett was personally at fault within the meaning of section 18001 for the failure to bring the Riverside action to trial within the statutory five-year period, which resulted in the dismissal of that action.

In his "protective" appeal, Haskett challenges the court's earlier December 3, 1998 order rejecting Haskett's contention that section 18000 insulated him from personal liability for the judgment for attorney fees and costs entered against him in the Riverside action.

The principal issue presented is whether the court correctly ruled that Haskett is not personally liable for the judgment for attorney fees and costs entered against him, in his representative capacity. We first address Desert Falls Group's appeal from the May 26, 1999 order granting Haskett's amended petition for confirmation that he is not personally liable for the judgment for attorney fees and costs entered against him.

### B. *Appeal by Desert Falls Group*

Desert Falls Group contends that (1) Haskett cannot invoke the protections of section 18000 (see fn. 4, *ante*); (2) he can be held personally liable in his representative capacity as trustee under section 18001 to the extent he had control of the trust; (3) the court's reasoning that there were no facts to support a finding of negligence against Haskett for purposes of section 18002 is unfair and prejudicial to Desert Falls Group and other judgment creditors; (4) an innocent judgment creditor should not have to be concerned

---

[12]See footnote 1, *ante*.

with the source of the fund that will be used to pay his claim; and (5) Haskett has admitted that he is personally liable for acts that he undertook during the administration of the trust.

 1. *Court's finding that Desert Falls Group failed to carry its burden of proving Haskett is personally liable under sections 18001 and 18002*

■ We begin by rejecting Desert Falls Group's second contention—that Haskett can be held personally liable in his representative capacity as trustee under section 18001 to the extent he had control of the trust—and its third contention—that the court's reasoning that there were no facts to support a finding of negligence against Haskett for purposes of section 18002 is unfair and prejudicial to Desert Falls Group. These contentions are based on the court's findings that Desert Falls Group failed to meet its burden of proving that Haskett was personally at fault within the meaning of sections 18001 and 18002 for the failure to bring the Riverside action to trial within the statutory five-year period, which resulted in the mandatory dismissal of that action in December 1997.

Section 18001 provides: "A trustee is personally liable for *obligations* arising from ownership or *control* of trust property *only* if the trustee is *personally at fault.*" (Italics added.)

As the court properly noted in the May 26, 1999 order, the Law Revision Commission comment that accompanies that section explains the statutory phrase "personally at fault" set forth therein: "A trustee is *'personally at fault'* when the trustee either *intentionally or negligently,* acts or fails to act. . . ." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 18001, p. 237, italics added.)

Section 18002 provides: "A trustee is personally liable for *torts* committed in the course of administration of the trust *only* if the trustee is *personally at fault.*" (Italics added.)

The relevant portion of the Law Revision Commission comment that accompanies section 18002 provides that "[a] trustee is *'personally at fault'* when the trustee commits a tort either *intentionally or negligently.*" (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 18002, p. 237, italics added.)

A trustee thus cannot be held personally liable under section 18001 for any obligation arising from his ownership or control of trust property, nor can he be held personally liable under section 18002 for any torts committed

in the course of his administration of the trust, unless the party seeking to impose such personal liability on the trustee demonstrates that the trustee *intentionally or negligently* acted or failed to act in a manner that establishes personal fault. (§§ 18001, 18002; Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. §§ 18001 & 18002, p. 237.)

We reject Desert Falls Group's assertion that "[t]he test for personal liability [under section 18001] is whether the **trustee had control of the trust.**" (Original boldface.) A trustee who (like Haskett) acted in his representative capacity cannot be held personally liable under section 18001 for an obligation such as the judgment that is the subject of the instant appeals, solely upon a showing that the obligation arose out of his ownership or control of the trust property. The imposition of such personal liability must also rest on a finding of personal fault supported by a sufficient showing that the trustee's conduct was intentional or negligent. (§§ 18001, 18002; Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. §§ 18001 & 18002, p. 237.)

Here, Desert Falls Group, as one of the parties attempting to hold Haskett personally liable under sections 18001 and 18002 for the subject judgment entered against him in the Riverside action, thus had the burden under the foregoing authorities of proving that the failure to bring the Riverside action to trial, and thus the dismissal of that action, resulted from conduct by Haskett that was either intentional or negligent. The record shows, however, that Desert Falls Group (and Binger and Rematch, as discussed *post*) made no such showing in either its written response to Haskett original petition, or in its responsive pleadings in opposition to his amended petition. Rather, as the court properly found, the only facts that Desert Falls Group presented during the petition proceeding "are that the [Riverside action] was dismissed, not the circumstances behind the dismissal."

Even had Desert Falls Group shown that Haskett intentionally or negligently failed to bring the Riverside action to trial within the five-year statutory period, on the facts of the instant case the imposition of personal liability would have been improper because the concept of "fault" is a tort concept, and Desert Falls Group has failed to cite any legal authority demonstrating that Haskett owed a duty of care to Desert Falls Group (or Binger and Rematch). Haskett and Desert Falls Group were litigation adversaries: Haskett in his representative capacity as trustee was the plaintiff, and Desert Falls Group was a defendant that ultimately became a judgment creditor when the Riverside action was dismissed under the five-year statute.

In sum, the record shows that Desert Falls Group failed to meet its statutory burden under sections 18001 and 18002 of showing that Haskett

was personally at fault. Accordingly, we conclude the court properly found that Haskett is not personally liable to Desert Falls Group for the judgment for attorney fees and costs entered against him in the Riverside action.

### 2. *Section 18000*

Because we have concluded that the court properly found that Haskett is not personally liable for the subject judgment, we need not, and do not, reach the merits of Desert Falls Group's first contention that Haskett cannot invoke the protections of section 18000 (see fn. 4, *ante*).

### 3. *"Innocent" judgment creditors*

 Citing section 18004, Desert Falls Group also contends that the court erred by finding that Haskett is not personally liable for the judgment because an "innocent third party creditor should not have to be concerned with the source of the fund that will be used to pay his claim." Section 18004 provides: "*A claim* based on a contract entered into by a trustee in the trustee's representative capacity, on an obligation arising from ownership or control of trust property, or on a tort committed in the course of administration of the trust *may be asserted against the trust* by proceeding against the trustee in the trustee's representative capacity, *whether or not the trustee is personally liable on the claim.*" (Italics added.)

In support of its contention that it may look either to the assets of the trust or to Haskett's personal assets for payment of the judgment, Desert Falls Group also quotes from a report of the California Law Revision Commission supporting the adoption of section 18004: "(b) 'The third person should not have to be concerned with the source of the fund that will be used to pay the claim. The proposed law adopts this position. Hence, a third person with a claim against the trust or trustee may assert the claim against the trust by bringing an action against the trustee in the trustee's representative capacity.' " (See 11 Witkin, Summary of Cal. Law (9th ed. 1990) Trusts, § 265, p. 1103, quoting 18 Cal. Law Revision Com. Rep. (1986) p. 592, fns. omitted.)

 The rules of statutory interpretation are well established. "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in

question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129] (*Murphy*).)

■■■ Applying these principles, we note that none of the provisions of section 18004, when given their plain and commonsense meanings, confer upon a creditor the absolute right to proceed against the trustee's personal assets for payment of a claim. The statute's words plainly state that the enumerated types of claims "may be asserted *against the trust* by proceeding against the trustee *in the trustee's representative capacity, whether or not the trustee is personally liable on the claim.*" (Italics added.) This language plainly confers a right to proceed against the assets of the *trust*. The final clause, stating "whether or not the trustee is personally liable on the claim," does not confer an absolute right to proceed against the trustee's personal assets. Rather, it plainly suggests that the creditor may seek payment of a claim from the personal assets of the trustee only if the trustee is "personably liable." The Law Revision Commission comment on the 1990 enactment of section 18004 supports the foregoing interpretation of that section. "Section 18004 alters the prior case law rule that the trustee could not be sued in a *representative capacity* where the trust estate was not liable. [Citations.]" (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 18004, p. 239, italics added.)

The statutory language of section 18004 cannot be read in isolation. (*Murphy, supra,* 25 Cal.4th at p. 142.) Rather, on the facts of the instant case, it must be considered in the context of the statutory framework as a whole and read in conjunction with section 18001 (discussed *ante*), which provides that a trustee is "personally liable for *obligations* arising from ownership or control of trust property *only* if the trustee is *personally at fault.*" (Italics added.) As already discussed, a finding that a trustee is "personally at fault" within the meaning of section 18001 must be based on evidence that the "trustee either *intentionally or negligently*, act[ed] or fail[ed] to act. . . ." (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 18001, p. 237, italics added.)

The excerpt from the California Law Revision Commission Report (discussed *ante*) on which Desert Falls Group relies does not require a different interpretation of section 18004, because it does not expressly or by implication relieve a creditor seeking payment of a claim from a trustee's personal assets from the statutory requirement of showing that the trustee was personally at fault. In sum, we reject Desert Falls Group's contention that under

section 18004 it may look either to the assets of the trust or to Haskett's personal assets for payment of the judgment without having to demonstrate personal fault on the part of the trustee. Here, it is undisputed that Haskett prosecuted the Riverside action action only in his representative capacity as trustee. For reasons already discussed, we have concluded that the court properly found that Desert Falls Group failed to carry its burden of establishing that Haskett was personally at fault, and it did not err by granting the relief that Haskett requested in his amended petition.

### 4. *Haskett's alleged admission*

■ Last, Desert Falls Group contends that Haskett admitted that he is personally liable for acts that he undertook during the administration of the trust. We reject this contention. Specifically, Desert Falls Group claims that Haskett admitted that he is personally liable for the subject judgment in two statements he made to the court during the hearing held on August 28, 1998. In the first, Haskett stated: "MR. HASKETT: . . . Prior to 1986, the law was that the trustee was personally liable for all the obligations that occurred in the administration of the trust. So prior to 1986 I would be personally liable for this judgment. The problem with that, of course, is that trustees did not want to pursue contract claims, for fear of [contractual] attorney fee obligations. So they changed the law in 1986. . . ."

Haskett made the second statement during the following exchange with the court:

"THE COURT: Mr. Haskett, to boil it all down, you in effect are resting your case on protection afforded by Section [18000[13]]; is that right?

"[HASKETT]: That is exactly right, Your Honor."

None of these statements provides a basis for reversing the court's order granting Haskett's amended petition. Haskett's statement to the court that he "rested his case" on the protection afforded by the provisions of section 18000 was not offered to prove the existence or nonexistence of any fact material to the ultimate issue of whether he was personally liable for the judgment for attorney fees and costs and did not constitute evidence. It was a legal argument.

Furthermore, the hearing at which Haskett made the foregoing statements was a proceeding that involved his *original* petition, filed on June 29, 1998,

---

[13]For the sake of convenience we reiterate that section 18000, subdivision (a) provides: "Unless otherwise provided in the contract or in this chapter, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administration of the trust unless the trustee fails to reveal the trustee's representative capacity or identify the trust in the contract."

which was based on the provisions of section 18000. It is undisputed that Haskett thereafter filed an *amended* petition on February 18, 1999, in which he asserted several additional grounds why the court should find he was not personally liable for the judgment for fees and other costs in the Riverside action. In that amended petition, he claimed (among other things) that under the provisions of section 18001,[14] which (as already discussed) provides for personal liability of a trustee "only if the trustee is personally at fault," he could not be held personally liable because "at no time did [he] act or fail to act in a manner that was either intentionally or negligently wrongful toward the defendants in [the Riverside action] . . . ."

Desert Falls Group does not contest on appeal the merits of Haskett's argument to the court that the Legislature in 1986 changed the law regarding personal liability of trustees in order to provide them more protection. As Haskett properly notes in his appellate brief, this court in *Torrey Pines Bank v. Hoffman* (1991) 231 Cal.App.3d 308 [282 Cal.Rptr. 354] (*Hoffman*) acknowledged that before the Legislature changed the law, the rules developed by case law had "provided (contrary to now effective [section] 18000) that 'a trustee was personally liable on a contract unless the contract stipulated that the trustee was not liable. [Citation.]" (*Hoffman, supra,* 231 Cal.App.3d at p. 321, fn. omitted; see also Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra,* foll. § 18000, p. 236 ["[T]his section excuses the trustee from personal liability on a contract where *either* the trustee's representative capacity *or* the identity of the trust is revealed in the contract" (original italics)].)

In sum, we reject Desert Falls Group's contention that Haskett admitted that he is personally liable for the judgment. We now proceed to address Binger and Rematch's appeal from the May 26, 1999 order granting Haskett's amended petition.

### C. *Appeal by Binger and Rematch*

In their separate appeal, Binger and Rematch contend that (1) the court erroneously concluded that Haskett was not personally liable for the judgment for attorney fees and costs; (2) even if it is assumed that Binger and Rematch were required, in opposing Haskett's petition, to present evidence that the judgment of dismissal under the five-year statute resulted from fault on his part, the undisputed evidence showed that he was "responsible"; and (3) the court correctly concluded that section 18000[15] does not excuse Haskett from liability.

---

[14]See footnote 3, *ante.*
[15]See footnote 4, *ante.*

### 1. *Finding that Haskett is not personally liable*

Binger and Rematch first contend that the court's May 26, 1999 order exonerating Haskett from personal liability for the judgment for attorney fees and costs entered against him in his representative capacity in the Riverside action "is in direct contravention of the provisions of [sections] 18004 and 18005." They also contend the court "erroneously concluded that [they] could only hold [Haskett] liable for the judgment if [they could prove] the judgment was [Haskett's] fault."

For reasons already discussed in connection with Desert Falls Group's appeal, we have concluded that the court properly found that Haskett is not personally liable for the judgment under section 18004. The court properly rejected the assertion that section 18004 requires an automatic finding of personal liability.

Binger and Rematch, unlike Desert Falls Group, also rely on section 18005, which provides: "The question of liability as between the trust estate and the trustee personally may be determined in a proceeding under Section 17200.[16]"

The plain language set forth in section 18005 shows that it does not purport to create any new rights, nor does it purport to impose personal liability on a trustee absent the showing of personal fault that is required by sections 18001 and 18002 (discussed *ante*[17]). The Law Revision Commission comment regarding section 18005 is instructive and states in part: "It is permissible, and may be preferable, for judgment to be entered against the trust without determining the trustee's ultimate liability until later. *Where judgment is entered against the trustee individually, the question of the trustee's right to reimbursement may be settled informally with the beneficiaries or in a separate proceeding in the probate court.*" (Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 18005, p. 240, italics added.)

Here, the record shows that the Riverside court entered the judgment against Haskett in his representative capacity, not against him individually.[18] The foregoing Law Revision Commission comment concerning section 18005 makes clear that where (unlike here) the judgment in question is

[16]The applicable provisions of section 17200 are set forth in footnote 7, *ante.*

[17]See also footnotes 3 and 5, *ante.*

[18]In its September 16, 1998 order, the court found that on September 1, 1998, the Riverside court had issued certain nunc pro tunc orders, upon Haskett's ex parte application, making clear that all of the orders and judgments for attorney fees and costs entered in favor of Desert Falls Group and Binger and Rematch by the Riverside court in the Riverside action referred to Haskett "*only in his representative capacity 'as trustee' of the Trust and not individually.*" (Italics added.)

entered against the trustee *individually*, the question of the trustee's right to reimbursement from the trust estate may be determined in a proceeding under section 17200. We conclude that section 18005 has no application here.

### 2. *Haskett's alleged personal fault*

We also reject Binger and Rematch's contention that undisputed evidence showed that Haskett was "personally at fault" within the meaning of section 18001 for the dismissal of the Riverside action under the five-year statute. As already discussed in connection with Desert Falls Group's appeal, the imposition of personal liability under section 18001 must rest on a finding of personal fault supported by a sufficient showing that the trustee's conduct was intentional or negligent. (§ 18001; Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, foll. § 18001, p. 237.)

Here, the record shows that Binger and Rematch (like Desert Falls Group) made no such showing in either its written response to Haskett original petition or in its responsive pleadings in opposition to his amended petition. The declaration of Binger and Rematch's attorney, submitted in response to Haskett's original petition, stated in a conclusory manner that "[Haskett] did not bring the [Riverside action] against Defendants within five years from the commencement as required by Code of Civil Procedure Section 583.310 and Section 583.360." As we have already concluded, the court properly found that the only facts that Binger and Rematch (and Desert Falls Group) presented during the petition proceeding "are that the [Riverside action] was dismissed, not the circumstances behind the dismissal."

In sum, the record shows that Binger and Rematch, like Desert Falls Group, failed to meet its statutory burden under section 18001 of showing that Haskett was personally at fault. Accordingly, we conclude the court properly found that Haskett is not personally liable to Binger and Rematch for the judgment for attorney fees and costs entered against him in the Riverside action.

### 3. *Section 18000*

Last, Binger and Rematch contend that the court correctly concluded that section 18000 (see fn. 4, *ante*) has no application here, and thus does not excuse Haskett from liability. Because we have concluded that the court properly found that Haskett is not personally liable for the subject judgment,

we need not, and do not, reach the merits of Binger and Rematch's assertion that Haskett cannot invoke the protection of section 18000.

### D. *Haskett's Appeal*

In his "protective" appeal, Haskett challenges the court's December 3, 1998 order rejecting his contention that section 18000 insulated him from personal liability for the subject judgment for attorney fees and costs.[19] In light of our conclusion on other grounds that Haskett is not personally liable for the judgment that is the subject of the instant appeals, we conclude that his "protective" appeal is moot.

### E. *Haskett's Sanctions Motion*

In his pending sanctions motion, Haskett seeks sanctions in the amount of $1,000 against the other parties jointly and severally under California Rules of Court, rules 5.1(i)(1)[20] and 26(a),[21] on the grounds they unnecessarily designated and included in their appellants' joint appendix (the AJA) almost 1,000 pages that were not part of the trial court record, and are not reasonably material to the determination of their appeals. Specifically, Haskett complains that the AJA consists of 1,962 pages; the first 1,341 pages contain a portion of the pleadings filed with the Riverside court; and, "with the exception of a very limited number of documents, no purpose was served by including the first 1,341 pages in the record on appeal in this case." Haskett also complains that Desert Falls Group and Binger and Rematch "needlessly obtained reporter's transcripts of seven different hearings that took place in the Riverside court between 1995-1998."

---

[19]Haskett claims the court's ruling was erroneous because, although he was not a signatory to the settlement agreement (the alleged breach of which resulted in the commencement of the Riverside action), he was entitled to the protection of section 18000 in his individual capacity because a predecessor trustee had validly entered into that agreement, and thus he (Haskett) prosecuted the Riverside action in accordance with his valid powers and duties as successor trustee.

[20]California Rules of Court, rule 5.1(i)(1) provides: "(1) Filing an appendix constitutes a representation by counsel that the appendix consists of true and correct copies of the papers in the superior court file. Willful or grossly negligent filing of an appendix containing nonconforming copies is an unlawful interference with the proceedings of the reviewing court, and subjects the counsel filing the brief, and the party represented, to *monetary* and any other appropriate *sanctions*." (Italics added.)

[21]California Rules of Court, rule 26(a)(2) provides: "(2) If the appeal is frivolous or taken solely for the purpose of delay or *if any party has required in the typewritten or printed record on appeal the inclusion of any matter not reasonably material to the determination of the appeal,* or has been guilty of any other unreasonable infraction of the rules governing appeals, *the reviewing court may impose upon offending attorneys or parties such penalties,* including the withholding or imposing of costs, *as the circumstances of the case and the discouragement of like conduct in the future may require.*" (Italics added.)

In reviewing the record, this court repeatedly referred to and considered numerous portions of the first 1,341 pages set forth in volumes Nos. 1 through 5 of the AJA, as well as some of the reporter's transcripts. We conclude these materials were properly made part of the record on appeal. Accordingly, Haskett's motion for sanctions is denied.

## DISPOSITION

The May 26, 1999 order granting Haskett's amended petition is affirmed. Haskett's "protective" appeal from the December 3, 1998 order is moot. Haskett's motion for sanctions is denied. Haskett shall recover his costs on appeal from Desert Falls Group and Binger and Rematch.

Benke, Acting P. J., and Huffman, J., concurred.