Filed 9/16/13  U.S. Bank v. Miller CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| U.S. BANK, N.A., as Trustee, etc., | |
| Plaintiff and Appellant, | G047764 |
| v. | (Super. Ct. No. 30-2012-00563726) |
| D. JOHN MILLER et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Luis A. Rodriguez, Judge.  Affirmed in part, reversed in part and remanded.

Perkins Coie, J. David Larsen, Gabriel Liao and Jeffrey Goodfried for Plaintiff and Appellant.

Friedman Law Group, J. Bennett Friedman, Stephen F. Biegenzahn and Michael Sobkowiak for Defendants and Respondents.

\*          \*          \*

U.S. Bank, N.A. (U.S. Bank or the Bank) sued defendants for their alleged breach of a loan guaranty. The Bank dismissed the lawsuit less than a month and a half later. Defendants had not filed an answer or a demurrer, but there had been litigation in the matter prior to the dismissal. After the case was dismissed, defendants filed a motion for and were awarded costs, including over $103,000 in attorney fees as the prevailing party. We reverse the award of attorney fees as costs because the litigation in this matter was part and parcel of the Bank's contract cause of action and Civil Code section 1717, subdivision (b)(2) prohibits an award of attorney fees when the plaintiff has voluntarily dismissed such an action.

I

FACTS

On April 20, 2012, U.S. Bank, as trustee for Registered Holders of ML-CFC Commercial Mortgage Trust 2007-7, Commercial Mortgage Pass-Through Certificates Series 2007-7, and acting through its Special Servicer, Midland Loan Services, a division of PNC Bank, N.A., filed a complaint against D. John Miller, Lindsay Parton, Eric Sahn, and John Cappetta (defendants) for breach of written guaranty. The complaint alleged as follows: Defendants signed a guaranty to secure a loan of $105 million to Bella Terra Office JV, LLC (Bella Terra); the guaranty assured the unconditional payment and performance of all obligations and liabilities of Bella Terra; Bella Terra defaulted on the loan by failing to make consecutive monthly payments of interest; the Bank initiated an action against Bella Terra resulting in the appointment of a receiver; the Bank, Bella Terra, and defendants entered into a settlement and noninterference agreement and general release;[1] under the terms of the agreement, the parties stipulated to a receiver managing and selling the property; the agreement also released defendants from future liability if certain conditions were met; defendants

---

[1] That action was the subject of our nonpublished opinion in *U.S. Bank, N.A. v. Superior Court* (Mar. 26, 2013, G046642).

2

violated the conditions; and the Bank was damaged in the amount of $41,029,541.26.

On April 26, six days after U.S. Bank filed its complaint, the Bank sought ex parte application for writs of attachment against defendants. Defendants filed an opposition. Judge Chafee issued the writs of attachment as to each defendant on May 9. That same day, Judge Chafee transferred the case to Judge Rodriguez.

Defendants filed an ex parte application for an order setting aside or quashing the writs of attachment on May 14. The next day, U.S. Bank filed a Code of Civil Procedure[2] section 170.6 peremptory challenge to Judge Rodriguez. On May 21, defendant's filed an ex parte application for reconsideration (§ 1008) of the writs of attachment. Judge Chafee denied the section 170.6 challenge to Judge Rodriguez on May 25, and held defendants' section 1008 motion under consideration. U.S. Bank's request to dismiss its action was granted on May 29.

Defendants thereafter filed a motion for costs, including attorney fees. The court conducted a hearing on defendants' motion, and awarded defendants over $105,000 in costs, including $103,492.03 in attorney fees on November 16. U.S. Bank appealed.

II

DISCUSSION

A. *The Award of Attorney Fees*

The trial court awarded defendants over $103,000 in attorney fees as the prevailing party after U.S. Bank voluntarily dismissed its complaint for breach of contract. The Bank contends Civil Code section 1717, subdivision (b)(2) prohibits an award of attorney fees in this matter. We agree.

Part 2, title 14, chapter 6 of the Code of Civil Procedure pertains to the awarding of costs in civil actions. The first section in that chapter states the general rule. "Except as attorney's fees are specifically provided for by statute, the measure and mode

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." (§ 1021.) "The Legislature enacted this section to codify the 'American rule' that, ordinarily, 'each party to litigation must bear the expense of its own attorney fees.' [Citations.] [S]ection 1021 does not independently authorize recovery of attorney fees." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 607, fn. 4 (*Santisas*).)

Immediately after section 1021, the Legislature set forth a number of exceptions to this general rule. (See e.g., §§ 1021.4 [prevailing plaintiff entitled to attorney fees in action for damages arising out of the defendant's commission of a felony offense for which he or she has been convicted]; 1021.5 [the private attorney general fees section];[3] 1021.6 [award of attorney fees in implied indemnity action]; 1021.7 [award of attorney fees as costs in action arising out of peace officer's duties]; 1021.8 [award of attorney fees to Attorney General when he or she prevails in prosecuting enumerated actions]; 1021.9 [award of attorney fees "in addition to other costs" in action for damages resulting from trespass]; 1021.10 [award of attorney fees if state prevails in prosecution of the Jenkins Act].) Defendants do not contend any of these exceptions apply.

Rather, they rely on sections 1032 and 1033.5, both of which are also located in the same chapter of the Code of Civil Procedure governing the awarding costs in civil actions. Specifically, defendants cite subdivision (b) of section 1032, which provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." U.S. Bank does not dispute defendants' entitlement to costs. The issue is whether such costs include attorney fees.

Section 1033.5 sets forth items allowable as costs under section 1032. (§ 1033.5, subd. (a).) Included as compensable costs are fees paid for "[f]iling, motion, and

_____

[3] See *Serrano v. Stefan Merli Plastering Co., Inc.* (2011) 52 Cal.4th 1018, 1026, fn. 9.

4

for jury fees" (§ 1033.5, subd. (a)(1)), transcribing depositions (§ 1033.5, subd. (a)(3)), and service of process (§ 1033.5, subd. (a)(4)). Attorney fees may be recovered as costs *only* "when authorized by" contract, statute, or law. (§ 1033.5, subd. (a)(10); *Santisas*, *supra*, 17 Cal.4th at p. 606.)

The guaranty in this case contained an attorney fee provision. "Guarantor agrees that, with or without notice or demand, Guarantor will reimburse Lender, to the extent that such reimbursement is not made by Borrower, for all expenses (including counsel fees and disbursements) incurred by Lender in connection with the collection of the Guaranteed Recourse Obligations of Borrower or any portion thereof or with enforcement of this Guaranty." Although this provision purports to authorize only attorney fees incurred by the lender, Civil Code section 1717 makes a unilateral attorney fee provision reciprocal. (*Santisas*, 17 Cal.4th at pp. 610-611.) "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).) When a contract provides for the award of attorney fees, the fees are "an element of the costs of suit." (*Ibid*.)

Thus, defendants' right to attorney fees as a prevailing party relies on a statute, subdivision (a) of Civil Code section 1717, that makes unilateral attorney fee provisions reciprocal. However, the same statute expressly precludes finding a defendant to be a prevailing party when the plaintiff has voluntarily dismissed the complaint. "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (Civ. Code, § 1717, subd. (b)(2).) Because the Bank voluntarily dismissed its breach of contract

5

complaint against defendants, defendants are not prevailing parties for purpose of awarding attorney fees as costs.

Defendants argue they qualify as prevailing parties under section 1032. That section deems a prevailing party to include "a defendant in whose favor a dismissal is entered." (§ 1032, subd. (a)(4).) Civil Code section 1717, subdivision (b)(2), however, creates a limited exception to section 1032 where the action is based on a unilateral contract provision providing for the award of attorney fees and the action has been voluntarily dismissed. (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [specific statute prevails over general statute pertaining to the same subject].)[4]

Defendants attempt to avoid the application Civil Code section 1717, subdivision (b)(2)'s prohibition by claiming their attorney fees were not incurred in defending the breach of contract cause of action. They point out that they never filed an answer or a demurrer in the breach of contract cause of action. But the filing of an answer is not the starting point from which it may be said a defendant has begun his or her defense of a breach of contract cause of action.

All the work and appearances made by defense counsel in this matter were made *in* the breach of contract cause of action. The fees incurred in opposing the ex parte application for writs of attachment against each of the defendants were made in the breach of contract case. Such writs can only be obtained in a breach of contract action. "Except as otherwise provided by statute, an attachment may be issued only *in an action* on a claim or claims for money, each of which is *based upon a contract*, express or implied . . . ." (§ 483.010, subd. (a), italics added.) Indeed, in opposing the Bank's ex parte application for issuance of the writs of attachment, defendants had to pay a filing

---

[4] As Civil Code section 1717 only applies to the award of attorney fees as costs, the voluntary dismissal in this matter does not mean other costs may not be awarded defendants as prevailing parties.

fee in the breach of contract action for the filing of the first defense paper in the lawsuit. Additionally, the opposition to the Bank's challenge to Judge Rodriguez (§ 170.6, subd. (a)(2)) was made in the breach of contract action. Litigating the issue of the writs of attachment and the challenge to Judge Rodriguez were part and parcel of defendants' defense of the breach of contract claim.

Defendants' attempt to characterize the attorney fees as having been incurred in a "special proceeding," rather than in defending U.S. Bank's breach of contract "action," is without merit. "The phrase 'special proceeding' is used in the code practice in contradistinction to 'action.' That phrase has no reference to provisional remedies in actions at law or in equity. It has reference only to such proceedings *as may be commenced independently of a pending action* by petition or motion upon notice in order to obtain special relief. [Citations.]" (*In re Sutter-Butte By-Pass Assessment* (1923) 190 Cal. 532, 537, italics added.) As noted above, the motion for a writ of attachment was filed in the Bank's breach of contract action and may only be obtained "in an action on a claim . . . based upon a contract" (§ 483.010, subd. (a)). In addition, the Bank's challenge to Judge Rodriguez (§ 170.6, subd. (a)(2)) was filed in its action for breach of contract, not in some independent proceeding that qualifies as a special proceeding under section 23.[5]

We find defendants' attorney fees were incurred in defending against U.S. Bank's cause of action for breach of contract. Because the Bank voluntarily dismissed its complaint, section 1717, subdivision (b)(2) precludes defendant's from recovering attorney fees as costs. Accordingly, we reverse that part of the superior court's order awarding defendants attorney fees as costs.

_____

[5] Section 22 defines an action as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 23 defines a special proceeding as "[e]very other remedy."

B.  *Joint and Several Liability*

According to the caption in the complaint, U.S. Bank sued in its capacity as a trustee and was "acting by and through its Special Servicer, Midland Loan Services, a division of PNC Bank, N.A."  Other than in the caption and the introductory paragraph of the complaint, which reiterates the above-quoted statement, Midland Loan Services and PNC Bank N.A. are not mentioned again in the complaint.  Defendants' motion for attorney fees and costs sought an order directing "U.S. Bank [etc.] ('Plaintiff' or 'Bank') and its counsel to pay reasonable expenses, including attorneys' fees . . . ."  The order awarding attorney fees, other costs and the judgment thereon was "entered . . . in favor of [defendants] and against, jointly and severally:  [¶] U.S. Bank, N.A.; U.S. Bank, N.A., as Trustee, for the Registered Holders of ML-CFC Commercial Mortgage Trust 2007-7, Commercial Mortgage Pass-Through Certificate Series 2007-7; Midland Loan Services; and PNC Bank, N.A."  U.S. Bank contends the trial court erred in making the award joint and several, asserting that Midland Loan Services and PNC Bank, N.A. were not parties to the lawsuit and U.S. Bank only appeared as trustee, not in an individual capacity.

The order and judgment making the obligation to pay attorney fees and other costs joint and several was erroneous.  The lawsuit was initiated by U.S. Bank as *trustee*, whether it was acting by and through Midland Loan Services, a division of PNC Bank, N.A. or not.  As trustee, U.S. Bank is not personally liable for costs, absent a showing under Probate Code sections 18000,[6] 18001,[7] or 18002.[8]  Defendants did not

---

[6]  "Unless otherwise provided in the contract or in this chapter, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary capacity in the course of administration of the trust unless the trustee fails to reveal the trustee's representative capacity or identify the trust in the contract."  (Prob. Code, § 18000, subd. (a).)

[7]  "A trustee is personally liable for obligations arising from ownership or control of trust property only if the trustee is personally at fault."  (Prob. Code, § 18001.)

[8]  "A trustee is personally liable for torts committed in the course of administration of the trust only if the trustee is personally at fault."  (Prob Code, § 18002.)

8

demonstrate in their motion for costs that U.S. Bank should be personally liable for their costs under any of these sections. The trial court therefore erred in making the order against U.S. Bank personally, in addition to making the order against the Bank as trustee. (*Haskett v. Villas at Desert Falls* (2001) 90 Cal.App.4th 864, 878 [imposition of personal liability for costs must "rest on a finding of personal fault supported by a sufficient showing that the trustee's conduct was intentional or negligent"].)

The reference in the complaint to Midland Loan Services, a division of PNC Bank, N.A. appears to have been meant only to demonstrate U.S. Bank's authority to act as trustee and not as indicating the existence of additional plaintiffs. The sole cause of action was one for breach of a guaranty and the only parties that could prevail were the beneficiaries of the trust, or defendants—not Midland Loan Services or PNC Bank, N.A. Moreover, in seeking attorney fees and other costs, defendants indicated they sought the award as to "U.S. Bank [etc.] ('Plaintiff' or 'Bank')." The motion did not seek an award against the Bank personally or against Midland Loan Services or PNC Bank, N.A. Neither did the motion refer to the Bank et al. Rather, defendants used "etc." following U.S. Bank. The use of etc. is shorthand for describing the Bank's status as trustee. It does not indicate additional parties. The order and judgment therefore did not conform to the motion, and there was nothing in the court's oral pronouncement making liability on the order joint and several. The order should have been entered against U.S. Bank as trustee. The court erred in including U.S. Bank personally, Midland Loan Services, and PNC Bank, N.A. in its order.

III

DISPOSITION

The portion of the order making the award joint, several, and against U.S. Bank personally is reversed. The portion of the order awarding defendants attorney fees as costs is reversed. The portion of the order awarding defendants costs of suit in the sum of $2,431.95 is affirmed. The matter is remanded to the superior court to enter a

9

modified order awarding defendants costs in the amount of $2,431.95 against U.S. Bank, N.A., as trustee for Registered Holders of ML-CFC Commercial Mortgage Trust 2007-7, Commercial Mortgage Pass-Through Certificates Series 2007-7.

U.S. Bank, as trustee, shall recover its costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

10