[No. B207613. Second Dist., Div. Five. Nov. 17, 2009.]

HERBERT W. STOLTENBERG, as Trustee, etc., et al., Plaintiffs and Appellants, v.
ANNE P. NEWMAN, as Trustee, etc., et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Discussion parts C. and D.

**COUNSEL**

Law Offices of Richard A. Love, Richard A. Love and Beth A. Shenfeld for Plaintiffs and Appellants.

Dwyer, Daly, Brotzen & Bruno, Toni Rae Bruno and Steven D. Downer for Defendant and Respondent Anne P. Newman.

The Vittal Law Firm and J. Anthony Vittal for Defendants and Respondents Ampton Investments, Inc., and Laurence N. Strenger.

**OPINION**

**MOSK, J.—**

### INTRODUCTION

In the published portion of this opinion, we affirm the judgment in favor of defendant and respondent Newman Family Trust[1] based on Code of Civil Procedure section 366.2's (section 366.2) one-year period of limitations after death. We hold that the section 366.2 period of limitations is applicable to fraud claims based on statements of the decedent on behalf of a trust of which he was trustor and trustee, even though the action is against the successor trustee. In the unpublished portion of this opinion, we reverse the judgment in favor of the other defendants.

---

[1] Newman Trust originally was sued as "Newman Family Trust Established November 17, 1993." The second amended complaint was amended by interlineations to show the correct designation of Newman Trust to be "Anne Newman as successor trustee of the Newman Family Trust," whom we refer to in that capacity as Newman Trust.

## BACKGROUND[2]

Plaintiffs and appellants 1680 Property Trust, Michael L. Epstein Trust, Stephen Ellis Gordon and Linda S. Gordon Revocable Trust, and the Lamonica Family Trust[3] (collectively plaintiffs) are limited partners of Orange Mall Development Associates (OMDA) and Shoprop Associates (Shoprop), which entities were prior owners of Mall of Orange (the Mall), a retail center located in Orange, California. Prior to October 1995, the general partners of OMDA and Shoprop consisted of Newman Family Trust and LeRoy H. Brettin. Harry Newman, Jr. (Newman) and Anne P. Newman were trustors of Newman Family Trust until Newman's death on October 19, 2001. Newman and Anne P. Newman were cotrustees of Newman Family Trust and assigned all their rights in the partnership involved in this case to Newman Family Trust. After Newman's death, Anne P. Newman became the successor trustee of Newman Family Trust. The record does not contain the declaration of trust but does include an amendment to the declaration of trust. That amendment was pursuant to the declaration of trust and provides, "In the event the NEWMAN FAMILY TRUST dated November 17, 1993, is or becomes a General Partner of any partnership, then in that event HARRY NEWMAN, JR. shall be the only acting Trustee of the NEWMAN FAMILY TRUST dated November 17, 1993, for purposes of making any partnership decision." Thereafter, Newman signed documents, "Harry Newman, Jr., Trustee and only Acting Trustee for purposes of making any partnership decision, the Newman Family Trust, General Partner."

In 1996, Newman Family Trust was a general partner in Sea-Tac Mall, a limited partnership that owned a mall near Seattle, Washington. Plaintiffs had no interest, direct or indirect, in the Sea-Tac Mall.

Defendant Laurence N. Strenger (Strenger) is a California attorney who was Newman's personal lawyer and who represented Newman in various business interests. Strenger is a shareholder of or principal in defendant Ampton Investments, Inc., a California corporation. (Strenger and Ampton are sometimes referred to as the Ampton defendants.) In October 1995, LeRoy H. Brettin assigned his interests in OMDA and Shoprop to Newman Shopping Center Developments, Inc., which became a general partner of both OMDA and Shoprop.

---

[2] In reviewing a motion for summary judgment, we must consider all the evidence and all of the inferences reasonably drawn therefrom, and we must view such evidence in the light most favorable to the opposing party. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845 [107 Cal.Rptr.2d 841, 24 P.3d 493].) We state the facts in conformity with this standard of review.

[3] Ruth Ann Runnels Lamonica was substituted in as trustee of the Lamonica Family Trust in place of Joseph B. Lamonica, deceased. Some of the individuals had assigned their interests to trusts of which they became trustees.

In 1997, Newman, on behalf of Newman Family Trust, informed plaintiffs of a refinancing of the Mall, with the lender being Nomura Asset Capital Corporation (Nomura). The Ampton defendants facilitated this transaction. In 2002, after Newman died and his wife, Anne P. Newman, became the trustee of Newman Family Trust, the Mall was sold.

In 2004, plaintiffs filed their complaint against defendants for breach of fiduciary duty and an accounting, alleging that in order to obtain their consent to the refinancing, leading ultimately to the distress sale of the Mall, defendants concealed from them vital information concerning the Nomura transaction, including that it was unnecessary; it was done to induce Nomura to refinance another mall—the Sea-Tac Mall—in which defendants, but not plaintiffs, had an interest; plaintiffs' equity interests would be diluted; Nomura was given certain buy-sell rights that jeopardized plaintiffs' interests; plaintiffs would lose certain voting rights; and the Ampton defendants were to be paid unnecessary and unreasonable fees. As a result, plaintiffs claim they lost substantial equity in the Mall, which ultimately was sold, with unfavorable consequences for plaintiffs.

Following rulings and an appeal to this court, Anne P. Newman (in her individual capacity), Shoprop, and OMDA were no longer parties to the action.[4] We held in that earlier appeal that plaintiffs did not allege facts showing that Anne P. Newman committed any breach of fiduciary duty or caused any damages. Plaintiffs proceeded against the Ampton defendants and Newman Trust on the third amended complaint for breach of fiduciary duty based on fraud. Those remaining defendants moved for summary judgment. The trial court granted summary judgment, holding that plaintiffs had no standing to challenge the alleged fiduciary breaches in 2002 and that plaintiffs' claims were barred by the statute of limitations—Code of Civil Procedure section 338, subdivision (d). The trial court did not rely upon section 366.2, which had been raised in the trial court. Plaintiffs timely appealed.

## DISCUSSION

### A.   Standard of Review

"We review the grant of summary judgment de novo. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].) We make 'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the

---

[4] Anne P. Newman remains a party as the successor trustee of Newman Trust.

moving party is entitled to judgment as a matter of law.' (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222 [38 Cal.Rptr.2d 35].) A defendant moving for summary judgment meets its burden of showing that there is no merit to a cause of action by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the defendant has made such a showing, the burden shifts back to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.*[, *supra*,] 25 Cal.4th 826, 849, 853 . . . .)" (*Moser v. Ratinoff* (2003) 105 Cal.App.4th 1211, 1216–1217 [130 Cal.Rptr.2d 198].)

"Although resolution of a statute of limitations defense normally poses a factual question reserved to the trier of fact, summary adjudication will nonetheless be proper 'if the court can draw only one legitimate inference from uncontradicted evidence regarding the limitations question.' (*City of San Diego v. U.S. Gypsum Co.* (1994) 30 Cal.App.4th 575, 582 [35 Cal.Rptr.2d 876]; *FNB Mortgage Corp. v. Pacific General Group* (1999) 76 Cal.App.4th 1116, 1126 [90 Cal.Rptr.2d 841].)" (*Marin Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 871 [127 Cal.Rptr.2d 113].) Whether a party is barred by the one-year limitations period applicable to claims of creditors against a decedent's estate is a legal issue subject to de novo review. (*Embree v. Embree* (2004) 125 Cal.App.4th 487, 491 [22 Cal.Rptr.3d 782].)

## B.   *Section 366.2—Newman Family Trust*

Section 366.2, subdivision (a), provides, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply." " 'The overall intent of the Legislature in enacting Code of Civil Procedure former section 353 [(now § 366.2)] was to protect decedents' estates from creditors' stale claims. [Citations.] "[T]he drafters of former Code of Civil Procedure section 353 and current Code of Civil Procedure section 366.2 believed the limitation period the statute imposes serves 'the strong public policies of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor.' (Recommendation Relating to Notice to Creditors in Estate Administration [(Dec. 1989)] 20 Cal. Law Revision Com. Rep. (1990) p. 512.)" ' " (*Levine v. Levine* (2002) 102 Cal.App.4th 1256, 1263–1264 [126 Cal.Rptr.2d 255], quoting *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 308 [99 Cal.Rptr.2d 792, 6 P.3d 713] (*Rumsey*).)

Newman Trust contends that section 366.2 bars the claims against it. There is no dispute that plaintiffs' cause of action accrued more than one year prior to the filing of this action in 2004. Any claims against Anne P. Newman, as successor trustee for acts after Newman's death in 2001, are foreclosed by this court's earlier opinion concluding that plaintiffs had failed to allege facts showing any wrongdoing by Ms. Newman or damages from any of her acts. Section 366.2 imposes a one-year limitations period on claims against a decedent. Plaintiffs assert that the claims are not against Newman, but against Newman Trust, and therefore section 366.2 is inapplicable.

Although the application of section 366.2 was raised before the trial court, the trial court did not resolve that issue. Nevertheless, we may affirm the summary judgment on a ground that was not the basis of the trial court's ruling. We are not bound by the trial court's stated reasons for its summary judgment ruling. Instead, we examine the facts before the trial court and then independently determine their legal effect. (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1143 [97 Cal.Rptr.2d 707].)

Newman and Anne P. Newman were the trustors and trustees of Newman Family Trust, an inter vivos trust, denominated as a family trust, and into which they transferred their property interests. They had the power to and did amend Newman Family Trust to provide that Newman would be the only acting trustee of Newman Family Trust for purposes of decisions involving the partnerships owned by Newman Family Trust. Newman's communications that are the subject of this action were made as trustee of Newman Family Trust and on its behalf. When Newman died, Ms. Newman became the successor trustee, and the trust was then irrevocable, whether or not it had been prior to Newman's death. Anne P. Newman, as successor trustee, succeeded to all of " 'the rights, duties, and responsibilities of [her predecessor, Newman].' " (*Moeller v. Superior Court* (1997) 16 Cal.4th 1124, 1131 [69 Cal.Rptr.2d 317, 947 P.2d 279].)

■ "Unlike a corporation, a trust is not a legal entity. Legal title to property owned by a trust is held by the trustee . . . ." " 'A . . . trust . . . is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action.' " (*Galdjie v. Darwish* (2003) 113 Cal.App.4th 1331, 1343–1344 [7 Cal.Rptr.3d 178].) The trust estate can be reached for tortious acts of the trustee on behalf of the trust. (Prob. Code, § 18004 ["A claim based . . . on a tort committed in the course of administration of the trust may be asserted against the trust by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable on the claim."]; *Galdjie v. Darwish, supra*, 113 Cal.App.4th at p. 1349; 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trust, § 248, p. 827; see also 4 Scott & Ascher on Trusts (5th ed. 2007) § 26.5, p. 1897.)

The California Law Revision Commission in discussing proposed Probate Code section 18004 prior to its enactment stated, "The third person should not have to be concerned with the source of the fund that will be used to pay the claim. [Fn. omitted.] The proposed law adopts this position. Hence, a third person with a claim against the trust or trustee may assert the claim against the trust by bringing an action against the trustee in the trustee's representative capacity. [Fn. omitted.] The question of ultimate liability as between the trust estate and the trustee may then be determined in proceedings concerning the internal affairs of the trust or may be settled informally among the parties to the trust. [Fn. omitted.]" (Recommendation Proposing the Trust Law (Dec. 1985) 18 Cal. Law Revision Com. Rep. (1986) p. 592.)

There is no meaningful distinction between the liability of the decedent trustee who committed a tort as trustee and the successor trustee in her capacity as trustee, except that the decedent trustee's estate might also be liable. Plaintiffs attempt to draw a distinction between the decedent trustee, on the one hand, and the trust (which, as noted, is not an entity or proper party) and successor trustee, on the other hand, for purposes of the application of section 366.2. The authorities do not support such a distinction.

In *Wagner v. Wagner* (2008) 162 Cal.App.4th 249 [75 Cal.Rptr.3d 511], the court held that a claim against the decedent's living trust for compensation for caring for the decedent before her death was untimely. The court said "there is no question the one-year limitation period applies to [the plaintiff's] claim against the Trust." (*Id.* at p. 256.) The court added, "As we stated in *Dobler v. Arluk Medical Center Industrial Group, Inc.* (2001) 89 Cal.App.4th 530, 535–536 [107 Cal.Rptr.2d 478], 'This uniform one-year statute of limitations applies to actions on all claims against the decedent which survive the decedent's death.' (Accord, *Levine, supra,* 102 Cal.App.4th at pp. 1261–1262; *Estate of Yool* (2007) 151 Cal.App.4th 867, 876 [60 Cal.Rptr.3d 526]; see *Bradley v. Breen* (1999) 73 Cal.App.4th 798, 800 [86 Cal.Rptr.2d 726] ['[Code of Civil Procedure section 366.2] governs causes of action against a decedent that existed at the time of death, "whether accrued or not accrued." '].)" (*Ibid.*)

■ One authority has stated, "There is a 1-year statute of limitations for all actions against the decedent for which the statute of limitations has not run at the time of the decedent's death. [Code Civ. Proc., § 366.2.] This statute applies to claims against a living trust. [See Code Civ. Proc., § 366.2(b)(3).]" (2 Gaw, Cal. Trust Admin. (Cont.Ed.Bar 2d ed. 2009) *Administering Single-Person Trust After Settlor's Death,* § 13.30, p. 860; see Ross, Cal. Practice Guide: Probate (The Rutter Group 2008) ¶ 2:117.4c, pp. 2-78.8 to 2-78.9 (rev. # 1, 2008).)

In *Levine v. Levine, supra*, 102 Cal.App.4th at page 1265, the court stated, "In sum, neither the language of the statute nor the policy behind it supports appellants' argument that the one-year statute of limitations should be disregarded in suits involving trust assets where there has been no proceeding to administer the estate of the decedent and no notice to creditors. *The language is clear that the one-year statute applies to all debts of the decedent regardless of whom the claims are brought against.*" (Italics added.) Thus, the court applied section 366.2 to bar a claim against a trustee of an irrevocable trust in her representative capacity for the wrongful acts of her deceased husband in withdrawing funds from California Uniform Transfers to Minors Act (Prob. Code, § 3900 et seq.) investment accounts for his grandchildren. In *Estate of Yool, supra*, 151 Cal.App.4th at pages 872–873, the court stated that the California Law Revision Commission "made it clear that 'the one year statute of limitations is intended to apply in any *action on a debt of the decedent*, whether against the personal representative . . . or against another person, such as a distributee . . . , a person who takes the decedent's property and is liable for the decedent's debts . . . , *or a trustee.*'" (Second italics added.)

Anne P. Newman states that upon Newman's death, she became the successor trustee of an irrevocable trust. Because the Newman Family Trust declaration is not in the record, we cannot ascertain if the inter vivos Newman Family Trust was revocable or irrevocable. Plaintiffs make no suggestion that the Trust was at all times irrevocable and argue that the revocability of the Trust is of no significance in this case.[5] Plaintiffs' contention is that their claims are against Newman Trust—or really against Ms. Newman as successor trustee—for the acts of Newman and not claims directly against Newman. Plaintiffs argue the authorities cited by Newman Trust involved allegations of personal liability of the decedent and the designation of the trust to reach the assets in the trust. Plaintiffs point out that section 366.2, subdivision (a) refers to "a person against whom an action may be brought on a liability of the person," and that this is an action against Newman Trust, not against Newman.

Had Newman been alive, any tort action arising out of the acts alleged by plaintiffs would have been against him, either individually or as trustee, or both; and trust assets as well as his personal assets might have been reached for his liability. (See Prob. Code, § 18004; *Haskett v. Villas at Desert Falls* (2001) 90 Cal.App.4th 864, 880 [108 Cal.Rptr.2d 888].) It would make no sense if the statute of limitations barring claims for a decedent's tortious action could be avoided by not pursuing a claim against the estate of the

---

[5] "Unless a trust is expressly made irrevocable by the trust instrument, the trust is revocable by the settlor." (Prob. Code, § 15400.) A revocable inter vivos trust is recognized as "a probate avoidance device." (*Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 633 [82 Cal.Rptr.3d 835].)

decedent but rather proceeding against the successor trustee of the decedent's trust. The purpose of section 366.2 is to expedite and "facilitate the orderly administration of the decedent's estate." (*Levine v. Levine, supra*, 102 Cal.App.4th at p. 1263.)

As the court in *Levine v. Levine, supra*, 102 Cal.App.4th 1256, stated in connection with an issue regarding tolling but which equally applies to plaintiffs' argument here, extending the statute of limitations for trusts "would create a substantial loophole in the statutory scheme, and lead to confusion and delay in settling estates. Trustees . . . , not knowing whether it was safe to finalize distribution, could withhold assets as a reserve against the assertion of unknown claims. This result would negate the legislative intent behind the decision to enact the special limitations statute." (*Id.* at p. 1263.)

In discussing the broad purposes of section 366.2, the Supreme Court in *Rumsey, supra*, 24 Cal.4th 301, stated, "The overall intent of the Legislature in enacting Code of Civil Procedure former section 353 [now section 366.2] was to protect decedents' estates from creditors' stale claims. [Citations.] . . . [¶] The December 1989 California Law Revision Commission recommendation on the proposed legislation amending Code of Civil Procedure former section 353 explained that 'the one year statute of limitations is intended to apply *in any action on a debt of the decedent*, whether against the personal representative under Probate Code Sections 9350 to 9354 (claim on cause of action), *or against another person, such as* a distributee under Probate Code Section 9392 (liability of distributee), *a person who takes the decedent's property and is liable for the decedent's debts* . . . or a trustee.' [Citation.] It thus appears that when the amendments to former section 353 were enacted, they were done so with the clear understanding and intent that such provisions would govern and apply to 'any action on a debt of the decedent,' regardless of whom the action was brought against . . . ." (*Rumsey, supra*, 24 Cal.4th at p. 308.) The court further stated, "The 1992 California Law Revision Commission comments to Code of Civil Procedure section 366.2, which superseded Code of Civil Procedure former section 353, reiterate the Legislature's intent that the one-year statute of limitations appl[ies] to *all* actions against a decedent on which the statute of limitations otherwise applicable had not run at the time of death. [Citation.]" (*Id.* at p. 308, fn. 6.)

█ It appears that whatever its form, the substance of the claims in this case is for the personal misconduct of the settlor/trustee on behalf of and for the benefit of the trust, that was completed entirely before the settlor/trustee died, and for which the settlor/trustee could have been held personally liable. The action is one that could have been "brought on a liability of the person" (§ 366.2, subd. (a)), and is based " 'on a debt of the decedent' " (*Rumsey, supra*, 24 Cal.4th at p. 308) even though brought against the successor

trustee. The successor trustee is the named party defendant only to pursue trust assets for the acts of Newman. Section 366.2 was intended to impose a time limit on such claims, "regardless of whom the action was brought against." (*Rumsey, supra,* 24 Cal.4th at p. 308.) Accordingly, the claims against Newman Trust are barred by section 366.2.

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The summary judgment in favor of Newman Trust (Anne Newman, as Successor Trustee of the Newman Family Trust) is affirmed. Newman Trust (Anne Newman, as Successor Trustee of the Newman Family Trust) is awarded costs on appeal. The summary judgment in favor of Ampton Investments, Inc., and Laurence N. Strenger is reversed and the matter is remanded to the trial court for further proceedings. Plaintiffs shall recover their costs allocable to their appeal of the summary judgment in favor of Ampton Investments, Inc., and Laurence N. Strenger.

Turner, P. J., and Kriegler, J., concurred.

A petition for a rehearing was denied December 17, 2009, and appellants' petition for review by the Supreme Court was denied February 3, 2010, S178960. George, C. J., did not participate therein.

---

*See footnote, *ante*, page 287.