Filed 10/9/15  Secrest v. Vaughn CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KIMBERLY S. SECREST, | D066702 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2011-00150210-PR-TR-NC) |
| ALLEN CRAIG VAUGHN, as trustee, etc., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jay M.

Bloom, Judge.  Affirmed.

Law Offices of Rancho Santa Fe and Michael W. Jacobs for Plaintiff and

Respondent.

Best Best & Krieger, Patrick E. Monroe and Rebecca Andrews for Defendant and

Appellant.

Allen Craig Vaughn (Vaughn) appeals a postjudgment order denying his motion

for contractual attorney fees, based on a 2013 settlement agreement that he negotiated in

his capacity as the trustee of the Donald D. Secrest Revocable Trust dated December 13,

1995, as amended (the trust). The settlement agreement (the Agreement) was reached with one of the trust's beneficiaries, respondent Kimberly Secrest (Secrest), who challenged the manner in which Vaughn had administered the trust. Shortly after Secrest filed a petition in probate court to enforce the Agreement as formalized by a stipulated judgment, Vaughn resigned as trustee in September 2013. The parties then went to trial on Secrest's amended petition (the operative petition), which continued to challenge the manner in which Vaughn administered the trust, and also sought to reinstate him.

After trial, the superior court issued a statement of decision and entered another judgment, which (1) enforced the Agreement's late fee clause in favor of Secrest on one of her claims, to impose a $15,000 late fee that was payable from the trust, and (2) enforced the Agreement's attorney fees clause, awarding Secrest such fees payable from the trust. The court ruled that Vaughn was not personally liable for his actions as trustee and his resignation was a statutorily authorized act. (Prob. Code,[1] § 15640.)

In the subject postjudgment motion proceedings, Vaughn claimed he was the prevailing party on contractual issues, under the Agreement's attorney fees clause. The trial court determined that Vaughn had entered into the Agreement in his fiduciary capacity, not in his capacity as an individual, and therefore he was not contractually entitled to recover under its attorney fees clause.

Vaughn argues on appeal that the trial court erred in denying his motion. He contends that all claims in Secrest's operative petition were directed against him

---

[1] All statutory references are to the Probate Code unless otherwise indicated.

individually, and under the reciprocity principles of Civil Code section 1717, he was entitled to attorney fees. Civil Code section 1717 was enacted to establish mutuality of remedy where a contractual provision makes recovery of attorney fees available for only one party. (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 127-128 (*Reynolds*).) Vaughn claims that if Secrest, a party to the Agreement, could show a contractual entitlement to such fees, he could likewise do so on a reciprocal basis.

We are required to address contractual interpretation issues on the scope and effect of the attorney fees clause in the Agreement between Secrest and Vaughn, as trustee. On de novo review of the questions of law on whether the statutory criteria for an award of attorney fees have been satisfied, we determine that Civil Code section 1717 does not authorize an award of attorney fees to Vaughn under the Agreement. (See *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.) Vaughn, in his personal capacity, was not a party to the Agreement and the operative petition dealt with acts he performed in his representative capacity. The trial court correctly found no basis for a reciprocal fee award arising out of the Agreement. We affirm the postjudgment order.

FACTUAL AND PROCEDURAL BACKGROUND

Both parties contend the other did not accurately represent the record. We outline the contents of the operative pleadings and the evidence before the trial court.

A. Settlement Agreement

Donald Secrest (Don) appointed Vaughn as trustee of the trust. Don died in 2010. His first marriage produced two children, who are beneficiaries of the trust. His widow Secrest and their son are the remaining two beneficiaries. Secrest filed the underlying

3

petition in probate court in May 2011. She sought certain assets under a premarital agreement, the reimbursement of real estate proceeds from the trust, insurance proceeds, and an order to compel Vaughn, as trustee, to account for and distribute certain trust assets to herself and her son.

After about two years of litigation, Secrest and Vaughn, in his capacity as trustee, entered into the written Agreement settling her claims in April 2013. The Agreement provided for distribution of trust property, and included a penalty or late fee provision if the time requirements agreed upon were not met. The Agreement also contained an attorney fees provision awarding such fees to the prevailing party if litigation continued. This section provided that if there were any dispute as to which party had prevailed for purposes of the clause, "the court shall decide." The Agreement was incorporated into a stipulated judgment and entered by the court in May 2013.

B. Operative Petition to Enforce the Stipulated Judgment

Secrest's petition was originally filed in July 2013 under sections 16420 and 17200, claiming Vaughn, as trustee, had breached the Agreement so that thousands of dollars of additional distributions should be made to her, and several sets of late fees ($15,000 each) should be imposed.[2] Vaughn had already distributed all but about $2,000 of the assets of the trust. He resigned as trustee in September 2013.

---

[2]   Although Vaughn requested the clerk include Secrest's initial petition in the record on appeal, it has not been included. We are required to construe the operative (amended) petition, and the original petition is not essential to the record.

4

Secrest subsequently filed the operative petition, adding a claim that Vaughn had breached the trust by resigning. She sought an order to compel Vaughn to continue performing as trustee.

At the two-day trial held in February 2014, Vaughn brought a motion in limine to dismiss the case, and Secrest filed opposition. Although the court initially granted the motion for dismissal and/or a continuance, on the grounds that some of the beneficiaries had not been served with notice of the trial, Vaughn withdrew that motion, and the court proceeded to try the operative petition, on the issues identified in the trial briefs.

After trial, the court issued a statement of decision, resolving only one of Secrest's substantive claims in her favor. The court ruled that Vaughn, as trustee, had breached the Agreement by failing to timely file an inventory of property as required, although the court viewed this as a management glitch that did not show any negligent or intentional trustee misconduct that would justify personal liability. The court observed that the Probate Code allowed it to enforce the Agreement as related to the trust litigation. (§§ 800, 1000, 1049, 17206.) Secrest was therefore awarded $15,000 payable *from the trust assets* as a late fee, as well as attorney fees payable by the trust, all pursuant to clauses in the Agreement. However, Vaughn was not held personally liable for his actions as trustee and no attorney fees were allowed against him personally. (§ 18005 [petition on trust administration issues may determine the question of liability between the trust estate and the trustee personally].)

5

## C. Vaughn's Attorney Fees Motions

Vaughn brought a motion to recover his own attorney fees, claiming he, in his personal capacity, had prevailed in Secrest's action on the Agreement. He had incurred $45,272.75 in fees and costs during the litigation subsequent to his resignation. The court denied the motion without prejudice until judgment could be entered on the statement of decision.

Entry of judgment was obtained and Vaughn renewed the motion, now seeking $47,822.75 in fees and costs. He interpreted Secrest's operative petition as being directed against him individually, contending that "it is of no consequence to the analysis that Vaughn signed the Settlement Agreement in his capacity as Trustee, rather than individually." Generally, Vaughn argued that the operative petition identified him individually by name, rather than in his fiduciary capacity as trustee, and he theorized that since there were no longer any substantial funds left in the trust, Secrest must have been seeking to have him pay any further amounts individually. She seemed to indicate as much in her deposition.

In opposition, Secrest argued that her operative petition was based on Vaughn's actions as trustee that arguably breached the terms of the Agreement, not on allegations against him as an individual party to the contract. She had prevailed by showing that he had failed to make a timely inventory as required, and accordingly she opposed any award of fees to Vaughn.

The court denied Vaughn's motion, finding he was not a party to the Agreement and therefore could not benefit from the fee shifting provision in it. The court explained

6

in the ruling that under section 18000, subdivision (a), Vaughn would not be held personally liable on a contract entered into in his fiduciary capacity, unless he had failed to reveal his representative capacity or had failed to identify the trust as the party to the contract, but that was not the case here. Vaughn appeals.

## DISCUSSION

### I

### *PROCEDURAL CONCERNS*

On the undisputed facts disclosed by this record, we conduct a de novo reading of the documents to determine whether a legal basis for a contractual fee award has been shown. (*Conservatorship of Whitley*, *supra*, 50 Cal.4th 1206, 1213; *Sessions Payroll Management v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.) Although the amount of any fees award would be discretionary, there can be no award without statutory or contractual authorization. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 614 (*Santisas*); *Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 379; Code Civ. Proc., § 1021.)

We first observe that Secrest briefly argues for dismissal of the appeal, on the ground that Vaughn lacks standing to pursue it. The operative petition sought resolution of trust disputes under sections 17200 and 16420. Fee awards are allowed in such proceedings, on a proper showing. (§ 17211.) A court's postjudgment order denying a motion for attorney fees is an appealable order. (Code Civ. Proc., §§ 902, 904.1, subd. (a)(2); §§ 1300, subd. (e), 1304.) We conclude this appeal is properly before us,

7

presenting questions of law on an undisputed record on whether Vaughn qualifies, on a contractual basis, for the requested award.

## II

## *EFFECT OF VAUGHN'S CAPACITY AS TRUSTEE*

A trust is not a legal entity, but an aggregate of assets and liabilities. (*Stoltenberg v. Newman* (2009) 179 Cal.App.4th 287, 293.) A trustee has the power to collect and hold the assets of the trust. (§ 16220.) Only the trustee may enforce the trust's claims or defend claims against the trust. (§ 16249, *Stoltenberg, supra,* at p. 293.) The courts have the authority to supervise trust administration issues. (§§ 800, 16420, 17200 et seq.)

Generally, "[t]he remedies of a beneficiary against the trustee are exclusively in equity" and the beneficiary cannot sue the trustee for breach of contract. (§ 16421.) However, a trustee may be required to repay money lost due to his or her breach of trust, whether the repayment is characterized as damages, restitution, or a surcharge. (§ 16420, subd. (a)(3); see *Estate of Talbot* (1956) 141 Cal.App.2d 309, 322; 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, § 124, p. 690.) Under section 16420, subdivision (a)(1), a beneficiary may sue "to compel the trustee to perform the trustee's duties." (13 Witkin, Summary of Cal. Law, *supra*, § 122, p. 689.) For example, the court could theoretically have made orders determining distributions or settling accounts pursuant to section 17200, subdivisions (b)(4) and (b)(5), but no such relief was being sought.

A party can assert a claim against a trustee in the trustee's personal capacity, or in a representative capacity, or in both capacities, depending on the circumstances. (§§ 18000, subd. (a) [contracts], 18002 [tort claims], 18004 [asserting claims v. trust];

8

*Stoltenberg v. Newman, supra,* 179 Cal.App.4th at pp. 293-295.) A trustee who failed to reveal the trustee's representative capacity or to identify the trust in the contract could, under section 18000, subdivision (a), be held personally liable on the contract. However, if the agreement were properly arranged in the trustee's fiduciary capacity, in the course of administration of the trust, the trustee is protected from personal liability. (*Stoltenberg, supra,* at pp. 293-295.)

### III

### *CONTRACT PRINCIPLES*

We next examine if Vaughn is justified in claiming that Secrest's operative petition was directed against him individually and that he prevailed on claims that were contractual in nature, thus authorizing the requested award of attorney fees under Civil Code section 1717. (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1159.) In relevant part, Civil Code section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, *which are incurred to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing *on the contract* . . . shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.) The "prevailing party" is usually defined as "the party who recovered a greater relief in the action *on the contract*." (Civ. Code, § 1717, subd. (b)(1); italics added.)

In *Reynolds*, the court interpreted Civil Code section 1717 to provide a reciprocal remedy for nonsignatory defendants who were sued on a contract as if they were parties to it, when the plaintiff would clearly be entitled to attorney fees if he had prevailed in

enforcing the contractual obligation against the defendants. (*Reynolds, supra,* 25 Cal.3d at p. 128.) That plaintiff had entered into a contract containing an attorney fees provision with two companies. The companies went bankrupt, and the plaintiff sought to hold defendants personally liable for debts by claiming the defendants were "alter egos" of the bankrupt companies. (*Id*. at p. 127.) The plaintiff did not prevail on its claim that the defendants were "alter egos" of the corporation. (*Id.* at p. 129.)

Nevertheless, the court in *Reynolds, supra,* 25 Cal.3d at page 128 determined that the defendants were entitled to recover attorney fees because they were sued on the contract as if they were parties to it (alter egos), and had the plaintiff prevailed, they would have been responsible for plaintiff's attorney fees.

In general, contractual attorney fees are awarded when the lawsuit is between signatories to the contract. (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966-967.) However, a nonsignatory party may be entitled to attorney fees under Civil Code section 1717 in two types of situations. First, a nonsignatory party may "stand in the shoes of a party to the contract." Second, a nonsignatory party may be a third party beneficiary of the contract. (*Cargill, supra,* at pp. 966-967, citing *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) Cal.App.4th 858, 897 ["a nonsignatory seeking relief as a third party beneficiary may recover fees under a fee provision only if it appears that *the contracting parties intended* to extend such a right to one in his position"; original italics]; *Real Property Services Corp. v. City of Pasadena*, *supra*, 25 Cal.App.4th 375, 379, 382.)

Vaughn claims he fits into the *Reynolds* category as a nonsignatory, and that he defeated Secrest's request for recovery on the only contract claim litigated in the action (the trustee's alleged breaches of the Agreement). (See *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871-877.) This attorney fees clause required the court to determine which party prevailed on the Agreement, in the event of a dispute. He accordingly argues the court erred by finding he was not a prevailing party for contractual attorney fees purposes.

IV

*ANALYSIS*

The face of the Agreement shows it was entered into by Secrest and Vaughn in his fiduciary capacity as trustee. To determine whether Secrest also sued Vaughn in his personal capacity, as if he were a party to the Agreement, we examine its provisions and Secrest's pleadings. We find it instructive that Secrest was requesting in the operative petition that Vaughn should be ordered "to continue to perform his duties as trustee." Secrest's trial brief, filed after her operative petition, states on the cover page that it is "in support of her petition against Allen Craig Vaughn, trustee." Even though most of the assets of the trust had been distributed by the time Vaughn resigned, Secrest was seeking to bring him back as trustee. Possibly, she sought to have him redistribute assets as she wished through his additional trust administration. (§ 15400 et seq. [modification and termination of trusts]; § 16000 et seq. [duties of trustees].)

As a trustee, Vaughn had acted on behalf of the trust during the events described in the operative petition, but he was not "standing in the shoes of a party to the contract," such as an alter ego would. (See *Cargill, Inc. v. Souza, supra,* 201 Cal.App.4th at p. 966;

11

see *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017-1018.)  The party to the contract was the trust.  Although Secrest's operative petition denominates the respondent as "Vaughn" as opposed to "Trustee," her prayer for relief could only apply to Vaughn in his role as trustee because the trustee holds title and controls the assets of the trust.  (§ 16200 et seq.)  The relief she requested, to "account for the identity, quantity, and location of each and every piece of personal property of the Trust" or "revise and update the account," is within the purview of a trustee's powers.  (§ 16227 [management of trust property].)

Vaughn, however, relies on excerpts from Secrest's deposition as showing she thought she was trying to hold him personally liable, but the pleadings do not support that legal conclusion.  The prayer in the operative petition does not seek to surcharge Vaughn personally for any misconduct, such as entering into the Agreement without making proper disclosures about the trust's identity.  (§ 18000, subd. (a).)  The trial court appropriately found that Secrest's operative petition was brought against Vaughn in his capacity as trustee.

Vaughn has not pointed to anything in the record showing that his defense of the operative petition was in an action on a contract to which he was personally a party. (Civ. Code, § 1717, subd. (a).)  He did not personally prevail on the Agreement's provisions.  He did not show he qualified as a third party beneficiary to the Agreement. Rather, he was paid directly out of the trust for his services as trustee.  When Secrest prevailed on one of her claims in the operative petition, she received trust funds in the

12

form of the late fee and the attorney fees award. The matter was treated as a trust administration issue throughout and the Agreement was confined to that context.

In construing the pleadings and the history of the case, the court properly determined that Secrest's operative petition did not attempt to enforce the Agreement against Vaughn personally, but rather sought to collect from the trust while compelling him to resume acting as trustee. As a matter of law, the court correctly denied his motion for attorney fees under Civil Code section 1717. (See *Reynolds, supra*, 25 Cal.3d at p. 128.) Likewise, no attorney fees on appeal are awardable to him.

### DISPOSITION

The order is affirmed. Each party shall bear its own costs on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

13