Filed 6/24/22  Haacke v. Shea CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHA HAACKE, | |
| Plaintiff and Appellant, | E076015 |
| v. | (Super.Ct.No. MCC1900422) |
| ROBIN J. SHEA, as Trustee etc., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Reversed.

Law Office of Evan D. Williams and Evan D. Williams for Plaintiff and Appellant.

Stream Kim Hicks Wrage & Alfaro, Eugene Kim and Todd R. Kinnear for Defendant and Respondent.

1

Plaintiff and appellant Cha Haacke (Employee) sued defendants and respondents (1) Robin Shea (Trustee), in her capacity as trustee of the Haacke Family Trust (the Trust); and (2) the estate of Veva V. Haacke (the Estate). The causes of action pertained to failure to pay minimum wage; failure to pay overtime wages; meal and rest break violations; failure to reimburse business expenses; paystub violations; waiting time penalties; and a violation of Business and Professions Code section 17200.

The trial court granted Trustee's motion for summary judgment on the basis that the lawsuit was time-barred because Employee alleged she was employed by Veva V. Haacke (Decedent) and the lawsuit was not filed within one year of Decedent's death. (Code Civ. Proc., § 366.2, subd. (a).)[1] This court ordered the parties to submit supplemental briefing identifying who Employee is alleging to be her employer and whether section 366.2 would apply if the employer is not Decedent. We reverse with directions.

## FACTUAL AND PROCEDURAL HISTORY

A. PARTIES

Decedent suffered from dementia.[2] Desrie Haacke (Daughter) is the daughter of Decedent. Rodney Haacke (Son) is Decedent's son. Son and Daughter were the Trust's cotrustees. Son filed a petition to remove Daughter as a cotrustee of the Trust. On

---

[1] All subsequent statutory references will be to the Code of Civil Procedure unless otherwise indicated.

[2] Decedent had a conservator of her estate and her person, although the exact date of the conservatorship is unclear.

2

October 31, 2017, the probate court appointed Trustee as the Trust's sole successor trustee.  Employee was unmarried when she was hired, but she is now married to Son.

B.    SECOND AMENDED COMPLAINT

On September 23, 2016, Son and Decedent interviewed Employee for the position of in-home caretaker of Decedent.  Employee accepted the job offer, which was made during the interview.  On October 1, 2016, Employee moved into Decedent's home and began caring for her.  Employee worked seven days per week and was " 'on call' 24/7."  "[I]f [Decedent] was awake [Employee] was required to be by [Decedent's] side or performing some type of chore to help [Decedent] survive."  Decedent typically woke at 7:00 a.m., went to sleep around 11:00 p.m., and woke at least once during the night.  Employee received free room and board and earned $500 per month when she started the job.  On November 30, 2016, Employee received a raise to $750 per month. Employee stopped being paid in August 2017.

After the probate court appointed Trustee as the Trust's sole successor trustee, Employee informed Trustee that she had last been paid in July 2017.  Although Employee was not being paid, "[Trustee] continued to employee [Employee] and [Employee] continued providing 24/7 caregiver support to [Decedent]."  Decedent died on January 16, 2018.  Employee was not paid from August 2017 through January 2018.

Employee alleged that she did not have a written employment agreement, but that she was a non-exempt hourly employee.  Employee asserted she was paid in cash and thus not given proper paystubs; she was not given meal and rest breaks; she was not

3

paid minimum wage or overtime; and she was not given a means to record the number of hours she worked. Employee's original complaint was filed on April 12, 2019.

In regard to identifying Employee's employer, allegations in the second amended complaint include:

- "During the interview [Decedent] and [Son] offered [Employee] the position of in-home caregiver and [Employee] accepted the position. [Son] explained that he and [Daughter] were co-trustees of [the Trust]."

- "Although at various times [Daughter] expressed her desire to terminate [Employee], [Son] disagreed . . . . As a result, [Employee] continued to work for [Decedent] and the Trust."

- "[Employee] informed [Trustee] that she had not been paid since July 2017 and that the Trust owed her wages."

- "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]."

- "At all relevant times, [Employee] was hired by [Decedent] as an employee and not as an independent contractor."

- "[Employee] was a non-exempt hourly employee from the time she was originally hired by [Decedent]."

- "[Employee] never signed any employment agreement and/or minimum wage offset with [Trustee and the Estate]."

4

- "Furthermore, the entire time that [Employee] was employed by [Trustee and the Estate] . . . ."

- "At no time during [Employee's] employment with [Trustee and the Estate] . . . . ."

- "At all times while she was an employee of [Trustee and the Estate] . . . ."

C.   SUMMARY JUDGMENT

Trustee moved for summary judgment asserting that the lawsuit was barred by the statute of limitations. Trustee cited section 366.2, subdivision (a), which provides that any lawsuit based upon the liability of a person who has died must be filed within one year of the person's death.

Trustee contended, "There can be no dispute that [Employee] has alleged [Decedent] was her employer." Trustee asserted that Decedent died on January 16, 2018, and Employee filed her lawsuit on April 12, 2019, which was more than one year after Decedent's death. Thus, Trustee concluded that Employee's lawsuit was time barred.

In Trustee's separate statement of undisputed material facts, in regard to the identity of Employee's employer, Trustee wrote, "[Employee] alleges she worked for [Decedent] and her estate owes her for unpaid wages, reimbursement and penalties." In support of that fact, Trustee cited the second amended complaint.

5

D.    OPPOSITION

In Employee's opposition to the motion, Employee asserted, "[Trustee] does not dispute that [Employee] was hired by the . . . Trust to provide in-home care services to [Decedent].  [Trustee] does not dispute that she continued to employ [Employee] after [Trustee] was appointed as successor trustee of the . . . Trust until [Decedent's] death on January 16, 2018."

In Employee's opposition to the separate statement of undisputed material facts, Employee admitted that "[Employee] alleges she worked for [Decedent] and [Decedent's] estate owes [Employee] for unpaid wages, reimbursement and penalties." However, Employee added the following fact:  "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]."  In declarations, Employee and Son declared, "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]."

F.    RULING

The order granting summary judgment was drafted by Trustee's counsel.  The order reads, "[Employee] alleged she worked for [Decedent], now deceased, and that [Decedent's] estate owed [Employee] for unpaid wages, reimbursement[,] and penalties. . . .  [Decedent] died on January 16, 2018.  [Citation.]  [Employee] filed this lawsuit on April 12, 2019."  The trial court concluded the lawsuit was time-barred.

6

**DISCUSSION**

A.     STANDARD OF REVIEW

"We review a trial court's decision granting summary judgment de novo, and liberally construe the evidence in favor of the party opposing the motion, [i.e., Employee]. [Citation.] To decide whether summary judgment was properly granted, we engage in the same analysis that was required of the trial court. [Citation.] Since [Trustee] moved for summary judgment based on the affirmative defense of the statute of limitations, [Trustee has] the 'burden of persuasion' on that point, meaning [she] must convince the court that no reasonable trier of fact could find in [Employee's] favor on the statute of limitations issue. [Citation.] To accomplish that, [Trustee] must first present evidence establishing that [Employee's] claims are time barred. It then falls to [Employee] to counter with evidence creating a dispute about a fact relevant to that defense. [Citation.] If [Trustee] presented evidence establishing the defense and [Employee] did not effectively dispute any of the relevant facts, summary judgment was properly granted." (*The Police Retirement System of St. Louis v. Page* (2018) 22 Cal.App.5th 336, 340.)

B.     TRIABLE ISSUE OF MATERIAL FACT

Section 366.2, subdivision (a), provides, "If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be

7

commenced within one year after the date of death, and the limitations period that would have been applicable does not apply."

This is an employment case. Thus, the "person against whom [the] action [is being] brought on [the] liability of the person" (§ 366.2, subd. (a)) is Employee's employer. We examine whether Trustee has established there is no triable issue of material fact as to the identity of Employee's employer. Trustee contends, "[Employee] judicially admitted in pleadings that her employer was the Estate of [Decedent]," and therefore "the Trust was never [Employee's] employer. [Employee's] employer was [Decedent], individually."[3] (Boldface omitted.)

"In moving for summary judgment, a party may rely on the doctrine of judicial admission by utilizing allegations in the opposing party's pleadings to eliminate triable issues of material fact." (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 747.) However, " '[a]n unclear or equivocal statement does not create a binding judicial admission.' [Citation.] A court may disregard fragmentary and equivocal statements, especially when contradicted by other credible evidence." (*Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 515-516; see also *Kirby v. Albert D. Seeno Construction Co.* (1992) 11 Cal.App.4th 1059, 1066-1067.)

---

[3] Trustee concedes in her supplemental brief, "[Employee] was undoubtedly employed by [Trustee] 'as Successor Trustee of the [Trust]' when she was appointed by the court as successor trustee." Thus, Trustee concedes that she was Employee's employer. However, Trustee contradicts this concession by asserting that Decedent employed Employee. Given the contradiction, we will disregard the concession and focus on the portions of Trustee's argument that assert Employee alleged Decedent was her employer.

Trustee contends that in the second amended complaint, Employee judicially admitted that Decedent was Employee's employer. That contention fails because the second amended complaint also alleges that Trustee was Employee's employer. Specifically, the second amended complaint reads, "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]." Further, when looking at the evidence, Employee and Son declared, "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]." Given the allegation and evidence reflecting that Employee was employed by Trustee, we do not read the second amended complaint as containing a judicial admission that Employee was employed by Decedent. (See *Howard v. American National Fire Ins. Co.*, *supra*, 187 Cal.App.4th at pp. 515-516 ["A court may disregard fragmentary and equivocal statements, especially when contradicted by other credible evidence"].)

Trustee asserts that in the separate statement of undisputed facts, Employee judicially admitted that Decedent was her employee because Employee "admitted" that she "allege[d] she worked for [Decedent] and [Decedent's] estate owes [Employee] for unpaid wages, reimbursement and penalties." There are two problems with this argument. First, although Employee "admitted" the foregoing fact, Employee also added a conflicting fact: "As the court appointed trustee of the Trust, [Trustee] continued to employ [Employee]." Second, "neither a motion for summary judgment nor its accompanying statement of undisputed facts constitutes pleadings" for purposes of a judicial admission. (*Myers v. Trendwest Resorts, Inc.*, *supra*, 178 Cal.App.4th at p.

9

747.) Thus, we are not persuaded that Employee judicially admitted that Decedent was her employer.

In sum, Trustee failed to demonstrate that there is not a triable issue of material fact concerning the identity of Employee's employer. As a result, Trustee failed to demonstrate that there is not a triable issue of material fact concerning whether Employee's lawsuit was "brought on [the] liability of" Decedent. (§ 366.2, subd. (a).)

C.      APPLICATION OF SECTION 366.2 TO TRUSTS

Trustee contends that it is irrelevant whether the lawsuit is based upon the liability of Decedent or Trustee because in either scenario the one-year statute of limitations (§ 366.2, subd. (a)) applies. In other words, Trustee asserts that the one-year statute of limitations extends to lawsuits in which a trustee allegedly caused harm to a plaintiff, and, before the lawsuit was filed, a beneficiary of the trust died.

Contrary to Trustee's position, the one-year statute of limitations (§ 366.2, subd. (a)) applies to lawsuits in which the person who allegedly caused the harm is the person who died. In the instant case, there is a triable issue of fact as to who allegedly caused the harm, so it is unclear if the one-year statute of limitations would apply. For example, if Trustee allegedly caused the harm, then the one-year statute of limitations would not apply because Decedent is the person who died. This point is illustrated by *Stoltenberg v. Newman* (2009) 179 Cal.App.4th 287 (*Stoltenberg*), which is a case relied upon by Trustee.

In that case, Newman and Anne were trustees of the Newman Family Trust. Newman died. (*Stoltenberg*, *supra*, 179 Cal.App.4th at p. 293.) When Newman died,

10

Anne became the sole successor trustee. A lawsuit arose from "Newman's communications," which "were made as trustee of [the] Newman Family Trust and on its behalf." (*Ibid.*) The plaintiffs in that case asserted that their claims were not time barred by section 366.2 because their claims were "not against Newman, but against [the] Newman Trust." (*Ibid.*)

The appellate court reasoned, "Had Newman been alive, any tort action arising out of the acts alleged by plaintiffs would have been against him, either individually or as trustee, or both; and trust assets as well as his personal assets might have been reached for his liability." (*Stoltenberg*, *supra*, 179 Cal.App.4th at p. 295.) The appellate court continued, "[T]he substance of the claims in this case is for the personal misconduct of the settlor/trustee . . . that was completed entirely before the settlor/trustee died, and for which the settlor/trustee could have been held personally liable. The action is one that could have been 'brought on a liability of the person' (§ 366.2, subd. (a))." (*Id.* at p. 296.) Thus, the appellate court concluded that section 366.2, subdivision (a)), applied to the case because the person who died is the person who allegedly caused the harm. (*Stoltenberg*, at p. 297.)

Trustee asserts, "[Employee] was hired by [Decedent]," and "[Decedent] would have been personally liable to [Employee] if she had been alive." As explained *ante*, there is a triable issue of fact as to the identity of Employee's employer. It is possible that Trustee was Employee's employer. If Trustee were Employee's employer, then section 366.2, subdivision (a)), would not apply in this case because that law only applies when the alleged wrongdoer is the person who died.

11

D.      POLICY

In *Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, the Supreme

Court explained, "The overall intent of the Legislature in enacting Code of Civil

Procedure former section 353 [(now section 366.2)] was to protect decedents' estates

from creditors' stale claims.  [Citations.]  '[T]he drafters of former . . . section 353 and

current . . . section 366.2 believed the limitation period the statute imposes serves "the

strong public policies of expeditious estate administration and security of title for

distributees, and is consistent with the concept that a creditor has some obligation to

keep informed of the status of the debtor." ' "  (*Id.* at p. 308.)

Trustee contends that the legislative intent behind section 366.2 "is to promote

'expeditious estate administration and security of title for distr[i]butees.' "  We

understand Trustee's contention to be that section 366.2, subdivision (a), should be

interpreted as applying to any lawsuit pertaining to property that is subject to

distribution following a person's death, regardless of who is alleged to be liable in the

lawsuit, because to hold otherwise could cause a "delay in settling estates.  Trustees and

administrators, not knowing whether it was safe to finalize distribution, could withhold

assets as a reserve against the assertion of unknown claims." (*Levine v. Levine* (2002)

102 Cal.App.4th 1256, 1263.)

The plain language of section 366.2 provides for a one-year statute of limitations

when the claim is based upon the liability of the deceased person.  (§ 366.2, subd. (a).)

In particular, the statute provides, "If a person against whom an action may be brought

on a liability of the person . . . dies . . . an action may be commenced within one year

12

after the date of death." (§ 366.2, subd. (a).) "Person" is singular. The statute is discussing liability of a person and the death of that same person. We cannot ignore the plain language of statute. (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 ["In interpreting a statute where the language is clear, courts must follow its plain meaning"].)

If the Legislature's goal is to create a one-year statute of limitations applicable to all claims that might be satisfied by property that is subject to distribution following a death, regardless of whether probate proceedings are commenced, then it is the Legislature's role to create such a law; we do not have that authority. (*City of Montclair v. Cohen* (2018) 20 Cal.App.5th 238, 250 ["Legislatures, not courts, consider competing policies and make laws"].)

E.      *WAGNER v. WAGNER*

Next, we address Trustee's reliance on *Wagner v. Wagner* (2008) 162 Cal.App.4th 249 (*Wagner*). In *Wagner*, Genevieve executed a living trust in 1989. "In 1999 Genevieve was diagnosed with Alzheimer's disease and, by 2000, required full-time care. Genevieve died in November 2003. Genevieve's trust named Claire[, Genevieve's daughter] as her successor trustee." (*Id.* at pp. 252-253.) "In the accounting submitted with her petition to settle the account of her deceased mother's living trust . . . , Claire Wagner sought $200,000 as compensation for caring for her mother during the four years immediately preceding Genevieve's death. Claire's brother, Kent Wagner, objected to the payment. The probate court sustained Kent's

13

objection, ruling the proposed compensation, construed as a claim on the Trust, was not timely under . . . section 366.2." (*Id.* at p. 252, fn. omitted.)

The appellate court described the legislative intent behind section 366.2, as set forth in *Collection Bureau of San Jose v. Rumsey*, *supra*. (*Wagner*, *supra*, 162 Cal.App.4th at p. 255.) The court then concluded, "[T]here is no question the one-year limitation period applies to Claire's claim *against the Trust*. As we stated in [another case], 'This uniform one-year statute of limitations applies to actions on all claims *against the decedent* which survive the decedent's death.' " (*Id.* at p. 256, italics added.)

Trustee contends that because Claire's claim was against the trust, and the appellate court concluded that section 366.2 applied, the same result should occur in the instant case. *Wagner* did not explain why section 366.2, which applies to claims involving the liability of decedents, applied to Claire's claim against the trust. Further, *Wagner* did not indicate upon whom, if anyone, liability was based. (*Wagner, supra,* 162 Cal.App.4th at pp. 254-258.) Due to the lack of analysis, *Wagner* does not persuade us that section 366.2 applies to lawsuits in which a trustee allegedly caused harm to a plaintiff, and a beneficiary of the trust died before the lawsuit was filed. (See *Satten v. Webb* (2002) 99 Cal.App.4th 365, 383 ["a case is not authority for a proposition not considered therein"].)

F.     CONCLUSION

Trustee failed to disprove that there is a triable issue of material fact concerning the application of the statute of limitations (§ 366.2, subd. (a)).  Accordingly, we conclude the trial court erred in granting summary judgment.

**DISPOSITION**

The judgment is reversed.  The trial court is directed to vacate its order granting the motion for summary judgment and enter an order denying the motion.  Employee is awarded her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

SLOUGH

J.

FIELDS

J.

15